10 U.S. 324
 6 Cranch 324
 3 L.Ed. 237
 TYLER AND OTHERS
v.
TUEL.
 February Term, 1810
 
 1
 THIS was a case certified from the circuit court of the district of Vermont.
 
 
 2
 Tyler and others, as assignees of Benjamin Tyler, the original patentee of an improvement in grist-mills, which he called the wry-fly, or side wheel.
 
 
 3
 After a verdict for the plaintiffs, the judges of the court below, upon a motion in arrest of judgment, were divided in opinion upon the question 'whether the plaintiffs, by their own showing, are legal assignees to maintain this action.'
 
 
 4
 There were two counts in the declaration.
 
 
 5
 The first set forth the substance of the statutes upon the subject of patents for useful discoveries, the facts necessary to entitle the patentee to a patent for his invention, and the patent itself, together with the specification, dated February 20, 1800.
 
 
 6
 The averment of the assignment of the patent right to the plaintiffs was in these words: 'And the plaintiffs further say, that the said Benjamin Tyler afterwards, to wit, on the 15th day of May in the year last aforesaid, at said Claremont, by his certain deed of that date by him signed, sealed, and to the plaintiffs then and there by the said Benjamin delivered, and ready to be shown to the court, did in consideration of the sum of six thousand dollars, to him before that time by the plaintiffs paid, grant, bargain, sell, assign and set over to the plaintiffs, their executors, administrators and assigns, all the right, title and privilege in, unto, and over the said improvement in the said patent described, and thereby vested in the said Benjamin in any part of the United States, excepting in the counties of Chittenden, Addison, Rutland and Windham, in the state of Vermont.'
 
 
 7
 The second count, omitting the recital of the statutes and of the patent, stated concisely the same facts. The averment of the assignment of the patent right was as follows: 'And the said Benjamin Tyler, afterwards, and before the expiration of the said fourteen years, to wit, at said Claremont, on the 15th day of May, in the year last aforesaid, by his certain deed of that date by him then and there signed, sealed, and to the plaintiffs delivered, assigned to the plaintiffs the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, the said improvement, in and throughout the United States, excepting in the counties of Chittenden, Addison, Rutland and Windham, in the state of Vermont, as fully and amply as by said letters patent the said Benjamin Tyler was thereto entitled, and all his title and interest in and unto said improvement excepting as aforesaid.'
 
 
 8
 Hubbard, for the defendant, contended that the assignment, being of part of the patent right only, was not such as would authorize the assignees to maintain an action on the statute. (Laws U. S. vol. 2. p. 202. § 4, 5.)
 
 
 9
 The fourth section of the act declares, 'that it shall be lawful for any inventor, his executor or administrator, to assign the title and interest in the said invention at any time, and the assignee, having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor both as to right and responsibility, and so the assignees of assigns to any degree.'
 
 
 10
 The fifth section provides, 'that if any person shall make, devise and use, of sell the thing so invented, the exclusive right of which shall, as aforesaid, have been secured to any person by patent, without the consent of the patentee, his executors, administrators or assigns first obtained in writing, every person so offending shall forfeit and pay to the patentee a sum that shall be at least equal to three times the price for which the patentee has usually sold or licensed to other persons the use of the said invention; which may be recovered in an action on the case founded on this act, in the circuit court of the United States, or any other court having competent jurisdiction.'
 
 
 11
 It is evident from the whole purview of the statute, especially from the 4th, 5th, 6th and 10th sections, that no person can be considered as an assignee under the statute, who is not the assignee of the whole right of the original patentee.
 
 
 12
 Rodney, Attorney-General, contra.
 
 
 13
 Upon a motion in arrest of judgment, if the judges are divided, the motion fails, and the judgment must be entered of course. It must follow the verdict, unless sufficient cause be shown to the contrary. 1 Salk. 17. Ld. Raym. 271. 3 Mod. 156.
 
 
 14
 If there can be no assignment but of the whole right, then the exception of particular counties is void; it being repugnant to the prior words and intention of the grant.
 
 
 15
 So if the jury find a fact inconsistent with a fact previously found, the latter fact shall be rejected. Cro. Car. 130. 3 East. 6 Bac. Abr. 381. Plowd. 564. 1 Bl. Com. 89. 2 Co. 83. 8 Co. 56. Dyer, 351. 1 Co. 3. 1 Vent. 521. Cro. Eliz. 244.
 
 
 16
 The whole passed at law by the deed of assignment. The exceptions are in the nature of equitable assignments.
 
 
 17
 On a subsequent day the court directed the following opinion to be certified to the circuit court for the district of Vermont, viz.
 
 
 18
 It is the opinion of the court that the plaintiffs, by their own showing, are not legal assignees to maintain this action, in their own names, and that the judgment of the circuit court be arrested.