Parker, C. J.
The question, presented by the demurrer and joinder in this case, turns upon the construction of the condition of the bond which is sued.
.Tt was contended on the part of the plaintiff, that the legal effect of the stipulation recited in the condition is, to oblige * the defendant to keep the mortgage, until he could raise [*323] enough from it to pay the plaintiff’s whole demand ; or that, if he should dispose of it for a less sum than would be sufficient for the payment of both notes, he must still satisfy the plaintiff the whole amount of his demand.
But we are satisfied that this is not the true construction of the instrument. It is unreasonable to suppose that the parties intended that the pledge should not be disposed of, unless it would produce sufficient to pay the two debts. It might be sinking in its value ; and then it would be for the interest of both parties that it should be sold as soon as possible.
If there was any unfairness in the sale, and an advantage acquired by the defendant in consequence of selling the premises for a price below the sums they were intended to secure, such facts should have *284 been replied in answer to the plea in bar, in order that the fairness af the transaction might have been tried by the jury.
But it must be^ taken as admitted, that the mortgaged premises were sold at a fair price ; and then the question is, whether the note due to the plaintiff was to be paid in full, before any portion of the proceeds of the sale could be applied by the defendant to the payment of his own note.
Now, it is our opinion, that, from the terms of the contract, it is to be understood, that, if the proceeds of the sale should be equal to the sums due on the two notes, then the plaintiff was to be paid in full. But, as there is no stipulated appropriation in case the proceeds should fall short, we must consider the defendant as holding the pledge, entitled to satisfy his own demand, and obliged to pay over the surplus only to the plaintiff; the true construction of the agreement being, that the defendant would pay over whatever should remain, after satisfying himself his own debt.
But, in doing this, he is restricted to the amount of his debt and interest; and is not entitled to any thing for the [*324] * costs of his suit against Thurston; which he was under no necessity of commencing, since he had a sufficient pledge in his hands, out of which he might have satisfied his demand.
As he retained something for these costs, and also for the expense of the assignment, which it does not appear was intended to be saved by him when the contract was made, he has forfeited the condition of his bond. He is entitled to a hearing in chancery, by which the amount due from him will be ascertained.†

 One might reasonably infer from the report of this case, that the mortgage was assigned to the defendant in trust for the equal benefit of both parties, to secure the payment pro raid, of their respective demands. And, in such case, the defendant, if he had lawfully disposed of it in order to satisfy their demands, had no right, in case of a deficiency, to retain more than sufficient to pay a ratable proportion cf ais demand. Vide Van Horne vs Fonda, 5 Johns. Ch. 407.