ROCKINGHAM, SEPTEMBER TERM, 1817.

### DAVID ROBINSON ET AL. *versus* RICHARD CROWNINSHIELD.

Where a special contract was made by A and B with C, to keep for him in a prescribed manner a number of sheep : and C had prosecuted and recovered against them for not in all respects fulfilling the contract—the judgment in that suit offered in evidence by him to defeat a subsequent action of theirs for the keeping, is not a conclusive bar. But they are entitled to nothing, on either the special or general counts in their declaration, without shewing a substantial performance of that part of the agreement on which their action is founded.

ASSUMPSIT for the keeping of a number of sheep belonging to the defendant. One count was upon a special agreement as to the manner and price of feeding and superintending them ; the other was general for the hay, grain, and labor furnished.

The cause was tried here at the last term, upon the general issue. The plaintiffs proved the special agreement declared on. It was in writing, dated November 14, 1815, and amounted in substance to an obligation by *Crowninshield* to pay the plaintiffs two dollars fifty cents per head a year for keeping one hundred full blooded Merino sheep, reckoning two dollars for winter and fifty cents for summer. They were to be " pastured on high ground—well salted—housed

in storms—fed on the best of hay," and "special care taken 
at lambing."   From the first of January half a pint of oats
at C.'s expense was to be given those likely to lamb ; none
were to be over four years old ; and C., whenever dissatisfied,
was to be at liberty to take them away.  In March, 1816, C.
becoming dissatisfied, removed the sheep.   Many witnesses
were called to prove a performance of the agreement.   On
the contrary, the defendant produced much testimony to
shew breaches of it : and introduced also the record of a
former judgment, recovered by him against the plaintiffs
for damage sustained by their failure to fulfil this same agree-
ment.

The court directed the jury, that said judgment was not
a conclusive bar to the recovery by the plaintiffs in the pre-
sent action ; but if, upon the whole testimony, they believed
the agreement had not been substantially fulfilled as to the
keeping of the sheep, the plaintiffs were not entitled to a
verdict on either count in their declaration : but if they were
satisfied of the contrary, they would give them such sum as
the contract warranted.

The jury found for the plaintiffs one hundred dollars, and
the cause was continued for further advisement upon the
propriety of the above direction.

*J. Lawrence, Butler* and *Hale* for the plaintiffs.

*Dunlap* and *J. Smith* for the defendants.

Woodbury, J. delivered the opinion of the court.*

A former judgment between the same parties on the mer-
its is undoubtedly a bar to any subsequent action between
them, where the same point is in issue (1.)

But if the gist of the actions be different, though the par-
ties are the same, such judgment is not conclusive (2.)

Nor, when the actions are founded on the same cause or
contract, but instituted to enforce distinct and independent
provisions of it, is the former judgment a bar.   This results
from the reason before mentioned, that the gist of the

*Robinson & al.*
*vs.*
*Crowninshield.*

(1) *Peake's Ev.*
44.—2 *John.* 24.
——*Phillips' Ev.*
235.——3 *East*
346.

(2) 1 *East*, 357.
—*Buller's N.P.*
233.

* Richardson, C. J. being of counsel, did not sit.

Robinson & al.
*vs.*
Crowninshield.

(3)1 *Espin.'s Ca-*
*ses N. P.* 44.—
*Pothier* 279.—2
*Johnson* 24.

actions is different ; as much so as if grounded on different contracts(3.)

Equally different we apprehend to be the gist of the actions between the present parties. Though the declarations in both suits are predicated on the same contract, yet that contract contains stipulations, not only distinct, but in favor of different persons. The record in the first action shews clearly that *Crowninshield* sued the *Robinsons* on the stipulations in his favor ; and alleged for damages the leanness and death of some of his flock, in consequence of their not fulfilling those stipulations. The record of the present suit shows that the *Robinsons* here persecute *Crowninshield* on the stipulations in their favor, and declare merely for the money due on account of the keeping The *gravamen* of the two actions is consequently different, and the judgment in the first on the face of it not a bar. On the trial, therefore, we intimated to the plaintiffs the inadmissibility of the evidence they proposed to introduce, to show that the jury in estimating the damage in the former suit were directed, as they should have been, to make *no deduction on account of the value of the keeping of the flock.* Because, though similar testimony has been permitted in some cases, it was when from the face of the former record it appeared that the damages claimed in the second might have been allowed in the first action. 1 *Es. C.* 401, *Seddon* vs. *Sutop.*—6 *D. & E.* 607, *S. C.*—5 *Mass. Rep.* 339, *Webber* vs. *Lee.*

But here the value of any keeping furnished by the plaintiffs in conformity to their contract—which contract is the rule of damage in this case—could not legally have been deducted in the other, where the rule of damage was the difference between the situation and value of the flock, as it was, and as it should have been when taken away. And as observed in 7 *Hen.* 6, *Fol.* 20, it would " seem a marvellous thing to intend a matter upon a verdict necessarily, of which nevertheless the inquest had not power to enquire."

It may be suggested, however, that the record in the first action demonstrates conclusively some breach by the plaintiffs of the special contract between them and the defendant, and that if guilty of any breach they cannot recover in the present suit.   We now admit, and we directed the jury, that as a general principle the plaintiff in an action founded on an express and indivisable contract cannot recover either upon a general or special count, unless he show on his part a substantial compliance with the contract as made, or some sufficient excuse for his non-compliance.   *5 John.* 85.—*4 Mass. Rep.* 518, 653.—12 *John.* 165.—8 *Mass. Rep.* 345.—5 *East* 316.—5 *B. & P.* 140.

But it does not follow, from the circumstance of the agreement being all contained in one instrument, that all the parts of it are dependent and inseparable.   6 *East* 564.   Whether so or not, is to be determined by the intent of the parties, as evinced by the language and nature of the whole contract.   *Chit. Pl.* 311.—1 *Saund.* 320.   And however strongly courts may in modern times incline against constructing covenants to be independent, 12 *John.* 166.—1 *East* 619, yet cases frequently arise where any other construction would not only violate the spirit of the covenants but produce manifest injustice(4.)   That the stipulations in the contract between these parties, were to a certain extent divisible and independent, we entertain no doubt.   The defendant has himself so considered them, by instituting his suit against the plaintiffs without first paying them for the keeping, under a supposition that his right of action did not depend upon his first fulfilling that obligation to the plaintiffs. On the same principle, the plaintiffs are entitled to recover against the defendant, so far as they have substantially performed the agreement, notwithstanding they have been found liable to him for destroying some of the sheep, and for not feeding others in strict conformity to some of their stipulations.   It is well settled, that where mutual contracts go only to a part of the consideration, and a breach of that part may be paid for in damages, the defendant shall not set it up as a

(4) *Camp. N. P.* 55, *Champion* vs. *Short.*

Robinson & al. *condition* precedent, *Ch. P.* 314.--*Saunders* 320, and the cov-
*vs.*
Crowninshield. enants in such case are to be regarded *pro tanto* as independ-
ent.   7 *Johnson* 249.—1 *Hen. Bl.* 273, *Boon* vs. *Eyne.*—6
*D. & E.* 570, *Campbell* vs. *Jones.*—10 *East* 295, *Ritchie*
vs. *Atkinson.*—12 *do.* 389, *Davison* vs. *Gwyn.*   A different
construction might render the damage sustained very une-
qual, as the covenant on one part may extend to "the whole
root of the transaction," and on the other part to a mere
branch of it.    The defendant's loss might have been the
whole of his flock, and the plaintiffs' their keeping only for a
few weeks ; or the defendant's loss only the negligent man-
agement of one sheep, and theirs the stipulated feeding and
superintendence bestowed on all the others for many months.
But by the present construction the defendant recovers all the
damage he sustains, and the plaintiffs obtain from him pay-
ment for the keeping of only so many of the flock as the jury
were satisfied the plaintiffs had kept in substantial conformity
to the contract.     The cases of *Davison* vs. *Gwyn*, and of
*Ritchie* vs. *Atkinson*, very strongly illustrate this point.

Admitting, then, the former judgment to be conclusive evi-
dence of a breach by the plaintiffs of some of the stipula-
tions in the contract declared on, it is so by no means as to
all of them, or as to any one of them in relation to the whole
flock.

*Let judgment therefore be entered on the verdict.*