### TIMOTHY HOLDEN *vs.* JOSEPH A. CURTIS *and another.*

As a general principle, the vendee of personal property, the title to which fails, may recover back the consideration which was paid for it.

But if there had been a former recovery against him of the consideration, the money, thus paid under a judgment, cannot be recovered back by assumpsit for money had and received.

The assignment of a patent, though not recorded in the office of the secretary of the United States, is still valid, except as against creditors and subsequent purchasers of the patentee.

Nor is the patent itself void, because the elementary principles of it were previously known and used, unless those principles were applied in a similar form and proportion to similar purposes.

If the patent prove to be void, the purchaser of it cannot recover back a part of the consideration, which was paid without suit, provided he has derived benefits from the purchase, and the communications which accompanied it. (*Semble.*)

THIS was assumpsit for money had and received.

The cause was tried here, November term, 1818 ; when it appeared in evidence, that the defendants, in December, 1812, conveyed to the plaintiff a patent right to purify all kinds of spirit ; that in the conveyance the patent was re-

**62**

cited as having been originally taken out by *Vester & Pease*, in 1812 ; and that the use of it, within certain limits, had been assigned to the defendants by the patentees.

The consideration for the conveyance to the plaintiff was originally secured by two promissory notes, executed by him to the defendants. On one of these, $66,67 was paid in June, 1813, without any suit; but the residue was not paid till recently, and after an action had been brought, and judgment recovered against the plaintiff for the amount.

It also appeared, that the assignment from *Vester & Pease* had never been recorded in the office of the secretary of the United States, and that some circumstantial variations existed between the patent itself and the description of it in the conveyance to the plaintiff. There was contradictory testimony as to the fact, whether the principles of the patent had been known and used before A. D. 1812 ; but there seemed not much doubt, that the benefits derived from this mode of purifying spirit were very considerable.

It was thought advisable, however, not to submit the testimony on these two last points to the jury, until their bearing was further examined ; for that purpose, and for consideration of the other points in the case, a verdict was taken by consent for the defendants, subject to be set aside, or judgment entered upon it, as might afterwards be found proper.

*Swan & Olcott*, counsel for the plaintiff.

*J. Smith*, for the defendants.

WOODBURY, J. There is no doubt as to the general principle, that he, who has received money, and is *ex æquo et bono* not authorized to retain it, may be made to refund it in an action of assumpsit. (1.)

The person who receives money for the sale of personal property, when the title was in a third person, comes within this general principle. 2 *D. & E.* 369.—1 *D. & E.* 732.— 6 *do.* 606.—2 *East* 241.—2 *Es. Ca.* 640.—*Peak's Ca.* 94, 109.

We say *personal* property ; for, in sales of real estate, as the title appears on record, and may be secured by cove-

(1) 1 D. & E. 732, Shove *vs.* Webb.—4 Bos. and Pul. 260 note. (Day's Edition.)

nants, the rule is otherwise. *Doug.* 654, *Bree vs. Holbeck.*— 1 *Mass. Rep.* 65, *Gates et al. vs. Winslow.** 

Holden
*vs.*
Curtis.

And the cases, which by some have been thought contradictory, are merely instances where the instruments of conveyance have been considered void by some defect in form, or by being made in pursuance of a prior agreement, which, with all done under it, is on failure of title, held to be rescinded. *Burr.* 2639.—3 *Bos. & Pull.* 162, 181.—1 *Es. Ca.* 150.—2 *do.* 639.—7 *Mass. Rep.* 32, *Fowler vs. Shearer.*

But the sale of patents, though required to be recorded, (1) is the sale of mere personal property ; and hence, on a failure of title to the patent, the money received for it by the vendor, cannot be retained, unless some equitable circumstance, or some technical rule interpose, to make the case an exception to the general principle.

(1) Act of Congress, Feb. 21, 1793.

In the present case, the title to the patent is supposed to have failed, because the assignment of it from the original patentees was never recorded; and the decision in *Bliss and others vs. Negus,* (2) countenances this position.

(2) 8 Mass. Rep. 49.

But the act of Congress does not, in direct terms, declare the assignment void if unrecorded. Its language resembles that in most statutes, concerning the record of deeds of real estate ; and, in relation to these last, it is every where held, that, without recording, the title passes between the parties, and is void only as to creditors, and those who afterwards purchase from the grantor without notice.

We see no reason against an adoption of the same rule under the act of Congress. (3)

(3) 6 Cranch 324.—12 Mass. Rep. 323, 324.

It was argued, also, that the title to the patent failed ; because differences existed between the patent itself, and the description of it in the conveyance to the plaintiff. But it was admitted, that those differences were only circumstantial. Hence the patent was sufficiently identified, and no presumption arose, that the variations were intended as fraudulent affirmations, in respect to the character of the patent. 1 *N. H. Rep.* 349, *Case vs. Morey.*—2 *Barn. & Ald.* 345, *Rex vs. Wheeler.*

* Greenleaf 352, (semb.) Lloyd *vs.* Jewell et al.

It was contended, likewise, that the principles of the patent had before been used and known ; and hence, that the patent right failed under the express provisions of the act of Congress, passed April 17th, 1800.

It is doubtless true, that the patent, under such circumstances, fails, though the prior use of its principles, may not have been known to the patentee.(1)　Because the public is not benefitted by a patent, for what was before "known and used ;" and the profits of what was before "known and used," should not be monopolized by one individual.

But the word " principles," as employed in the act of Congress, does not mean merely the elementary principles of bodies, as earths, alkalies, &c. ; or of mechanic power, as the wheel, lever, screw, &c. ; or of power obtained by water, fire, air, &c.　Because scarcely any machine, medicine or utensil, could be constructed or operate, without the aid of some such principles.

It means, not only elementary principles, but the application of them.　1 *N H. Rep.* 348.—2 *Hen. Bl.* 463. —3 *Wheaton (Apx.* 15.)—1 *Mason* 447.—2 *Gallison* 51. —8 *D. & E.* 95, *Hornblower vs. Bolton.*

There must be the discovery of new principles, or the employment of old ones in a new proportion, or in a new process, or to a new purpose.　That is, to use the language of the great renovator of the arts and sciences, there must be " an invention of further means, to indow the condition " and life of man with new powers or works."　2 *Lord Bacon's Works*, 199, (*Shaw's edition.*)

Under these views of the true construction of the Act of Congress, the evidence as to the originality of this patent, can hereafter be submitted to a jury, unless, on the other testimony in the case, the defendants shall appear in all events to be discharged.　We are inclined to think that they are so discharged.　For on a supposition, that the patent was not original, and that the right has thus failed, yet it is to be remembered, that the plaintiff, when sued for the consideration, enjoyed an opportunity to prove this fact, and to de-

(1) 3 Wheaton 465.—1 Mason 447.

feat a recovery of the very money he now seeks to regain.

It does not appear, that the notes had been negotiated, or the defence precluded by any other circumstance. Hence, if it was not made, the omission arose from such accident as would entitle him to a new trial, or from such ignorance and neglect as are irremediable.

The point in issue in both actions is identically the same, that is, the right of the defendants to the consideration money for the patent; and it is well settled, that no question, unless by review, new trial, or appeal, can be twice litigated between the same parties. 1 *N. H. Rep.* 33.—*Whittemore vs. Whittemore, (ante.)*—9 *John. Rep.* 233.—*Parker vs. Colcord, (ante.)*

But if the plaintiff, in his conveyance, had a covenant concerning the title of the patent, he may still resort to a higher and distinct remedy on the covenant.(1)

(1) 7 D. & E. 568, Cowley vs. Dunlap.

Whether he could sustain a special assumpsit on an implied warranty, if no covenant exists, is a question which need not now be discussed. 1 *N. H. Rep.* 76, *Robison et al. vs. Crowninshield.*

On the facts of this case, a further question might arise as to the sum of $66,67; because that sum was paid previous to the institution of any suit; and, therefore, does not fall within the reasons of the above principle.

But, in *Taylor vs. Hare*, (4 *Bos. & Pul.* 260) it was held, that though the title to a patent failed, yet the purchaser could not recover back the consideration paid, if any benefits were derived from the use of the patent, and the communications which accompanied it.

We see no insuperable objection to this rule, when the benefits were equivalent, and the purchaser not liable for them to any prior patentee. How these facts were in the present instance, has not been settled by the jury. Yet this distinction as to the sum paid before suit not having been taken at the trial, and the cause being still open to review, we shall render

*Judgment on the verdict.*