## Case No. 17,510.

### WHETMORE et al. v. MURDOCK.

[3 Woodb. & M. 390.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

APPLICATION OF PAYMENTS—HOW DETERMINED—PRINCIPAL AND SURETY.

1. In an action on a long running account between the parties, of notes, acceptances, &c., if the debtor transfer a note or draft to the plaintiffs, which is due at a future day, and give no direction on what claim the money when collected shall be applied, the creditor may apply it before action, and if he do not, the court may at the trial.

2. The true application of it by them is to such of the claims as seem most proper under all the circumstances: as to one not bearing interest, if others do; one not secured, if others are; one owned in his own right, if others are not; and finally if none of these exist, to the oldest demand.

3. But if one of the claims is not due when the draft is received, or is supposed to be otherwise secured before the money is collected on this draft, or if the creditor, when it is collected,

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

credits it generally and informs the assignees beforehand that when received it will reduce their general balance so much, the money should be applied to the oldest demand or be considered as applied generally to the whole account by the creditor when he received it.

4. If notes are given, as in the other cases between these parties, to secure acceptances, and are found against by a jury for want of consideration or fraud, the money, when actually paid on the acceptance before the suit, may be recovered as not merged by those notes. But the sum received by the creditor on the draft cannot be applied first to such demand, when the debtor did not so direct, nor the creditor so enter it, but both resorted to what they considered other security for the payment of what might be so advanced on those acceptances.

5. Money not paid for a principal before action brought, cannot be recovered by the surety, as money paid, unless on a special promise to pay it previously; and if that promise is found to be fraudulent, the money actually paid after the suit may be recovered, but only in a separate subsequent action.

This was another action of assumpsit between [David W. Whetmore and others and Warren Murdock] for the balance of a long and large account annexed, instituted at the same time and served on the 25th of August, 1846. [For the report of the former case, see Case No. 17,509.] It appeared to embrace all the transactions between them, such as notes, drafts, &c., for one or two years. Among the credits was a note or draft on some third person transferred to the plaintiffs by the defendant in June, 1846, and paid in October, 1846, amounting then to $2150. The plaintiffs received it as security for their claims generally, and no specific direction had been given by the defendant on what particular demands to apply it. The judge at the trial directed that, under the circumstances of the case, the jury ought to make it go first in discharge of the oldest demand existing between the parties in the account annexed. The jury did this, and after a verdict for the plaintiffs, founded on this direction, the plaintiffs moved for a new trial on the ground that this direction was incorrect in point of law. The motion was argued at the same time by the same counsel as in the last cause.

R. Fletcher, for plaintiffs.

T. Coffin, for assignees.

WOODBURY, Circuit Justice. There is no doubt that if there be a payment of money by a debtor, without any special application of it to one of several debts, the creditor before the suit, or the court, if not done by him before, may at the trial apply it in such way as seems most equitable and proper, under all the circumstances of the case. "Recipitur in modum recipientis." 23 Pick. 473; 2 N. H. 193; 5 Metc. (Mass.) 268; 3 Metc. (Mass.) 536; Pitm. Sur. 158; Boody v. U. S. [Case No. 1,636]. Some cases hold that the creditor, in such an event may, when receiving the money, apply it to any legal claim then due. 2 Strange, 1194; 1 Taunt. 504; 2 N. H. 196; 11 Metc. (Mass.) 184. I am not prepared to

say that this power may not exist in the creditor, though it would look more just to confine his application to the claim seeming to be indicated by the reason and justice of the case, when these are strong for one of the debts due, rather than for another. That is, it should be applied to the claim implied, if there be any implication. But if no such reason is found to exist here, it would seem probable that the creditor here had, in fact, before the action, applied the money received on the draft to the account generally. It is so entered on the exhibit annexed to the writ, and beside this, he wrote to these assignees, that when collected, it would reduce the general balance due to them so much. In that exhibit the acceptances when made were charged in the account to the defendant, as they are in the action. Supposing, then, that they were rightfully charged in that manner, and were recoverable in this action, if due and paid before the trial, though not due when the action was brought, then under this aspect, the result would be much the same as under the ruling of the judge, though it would be reached in a different form, and would rest on a different fact and principle. But supposing that this view be questionable, or that the creditor should not in equity apply the money generally to the account, when a demand like this in the present case exists, which it is supposed has strong claims to be first extinguished by it, the inquiry becomes necessary, whether any such claim existed here stronger than in favor of the oldest debt, to which the judge ordered the payment to be applied first.

What is the demand which it is contended here should possess a preference? It is for the money advanced by the plaintiffs to meet their acceptance, secured by notes of the defendant, but which notes the jury have found in the other case to be void. In the first place, such a demand is not of the strongest character, the security taken for it having been pronounced invalid by a jury. But still, as the defence there went rather to the security itself, than the original debt, and as a note in Massachusetts is not considered to merge the original consideration (Leland v. The Medora [Case No. 8,237], and Brown v. Noyes [Id. 2,023]). I think the money advanced on the acceptances constitutes still a legal claim to be paid in some way by the defendant, and which may be enforced against him at law. It was included in the account annexed here by the plaintiffs, and should, therefore, have been allowed by the jury in the verdict, if it could be, when not actually paid till after the action was instituted. But more of this, after ascertaining whether the ruling as to the credit of the money received was legal. We have seen already, that this demand, instead of standing with strong features now in its favor, has been at least in bad company, and the security for it avoided. In the next place, does the debtor appear to have indicated in any way a wish to have it extinguished specially by the money

collected by the plaintiffs, although he may not expressly have ordered it to be so applied? For if he did, "Solvitur in modum solventis." Mills v. Fowkes, 5 Bing. N. C. 455. There was no evidence whatever of such a desire on the part of the debtor, but, on the contrary, the draft had been transferred to the plaintiffs, probably in June, 1836, near the time of its date, some weeks before those acceptances existed, and still longer before the substituted notes for them were given in the latter part of August. Nor was the money received on this draft before or at the time the acceptances fell due in September; but more than a month after, October 30th, 1846. Not only did the debtor give no indication that he wished this money thus applied, but the creditors gave none before the suit. The creditors, when receiving it, did not apply it specially to the payment of what had been advanced on the acceptances, or to the notes executed therefor, but proceeded to trial afterwards to recover those very notes in November, 1846, and continued to hold to secure their payment since the last of August, the special attachment made on the writ in that action, rather than the draft and money. This attachment furnished a good reason why the creditor did not, when the draft was received, or when the money was afterwards collected on it, mean to apply either in discharge of the consideration of these notes. And this course of procuring other security for those notes and by an attachment by co-operation of the debtor in recovering them on demand, is decisive evidence that both the debtor and creditor did not mean to apply this draft, or the proceeds of it, specially to discharge what should be paid by the plaintiffs on the acceptances, which they were then trying to secure in another way. Both at that time gave strong indications of a desire to obtain different security for them and eventual payment from other sources. But though in this view neither the debtor nor creditor made a special application of the money collected to this particular demand, nor either of them did anything showing a desire for such an application, but rather the reverse, it is contended that certain circumstances exist in connection with a debt itself, which sometimes show it to be equitable to apply a payment to one debt, rather than another. Upham v. Lefavour, 11 Metc. (Mass.) 184. Thus assuredly it might be equitable for the court or the creditors, if one demand was on interest and another not, to make the application of the money received to the latter, in the first instance. Poth. Obl. note, 530; 9 Cow. 773; Gass v. Stinson [Case No. 5,262]; 1 Story. Eq. Jur. § 459. But all here in law drew interest alike. So, if one demand was secured, and another not, it might be equitable to make the application first to the latter. [Field v. Holland] 6 Cranch [10 U. S.] 8, 10; Cremer v. Higginson [Case No. 3,383]; 2 Maule & S. 318; 5 Taunt. 596. This last rule would exclude the present demand,

as at the trial, as well as at the time of the receipt of the money on the draft, it was supposed to be secured by a special attachment of property. So it might be just to apply it to the debt in the creditor's own right, if one be in autre droit. 12 Mass. 321. Or to a debt similar in character with the payment, in amount or otherwise. 11 Mass. 300; 5 Taunt. 596. In the present instance at the trial, I do not see that any of these circumstances existed which rendered it probable that the parties meant there should be any specific application of this sum, collected by the plaintiffs in October, to this, rather than the other claims. Nor do I perceive any strong equitable consideration to require the application then to be made to this particular demand. In this situation, the rule, long existing and well established, is that adopted at the trial, to make the application first to the oldest demands. Boody v. U. S. [Case No. 1,636]; Hilton v. Burley, 2 N. H. 193; 2 Maule & S. 18; 5 Taunt. 597; 2 Barn. & Ald. 39; 1 Mer. 572. Nor is this course arbitrary and inequitable, but rests on a like foundation with the other rules, where the debtor says nothing. It must be presumed, if there be no other equity to settle the question, to intend to pay first what has been longest due, and about which there has been most forbearance on the one side, and neglect on the other, and which is the nearest being lost or barred by the statute of limitations.

The only remaining question is, whether the payments made on account of the acceptances, if not included in the verdict, ought to have been, and a new trial be proper, so as to have them included. If not included, I think that, as before intimated, the plaintiffs are entitled to recover them in some suit, but whether in this or not, is questionable. The money had not been actually paid when this suit was instituted, but it had been agreed to be paid at the time of the acceptances. The notes were taken to secure the acceptances. At first they were payable at a future day, like the acceptances, but were afterwards changed to be payable on demand, and the change was legal, so far as respects the mere alteration of time. Does this imply an alteration of the time at which the defendant was to become liable to the plaintiffs for the acceptances, so as to make them a debt or obligation in presenti, as between the plaintiffs and defendant, the former being bound to pay them, and thus agreed to do it, at all events, and hence the defendant might undertake to secure and pay them forthwith? If it did, in that view, the verdict should have embraced their amounts unless the fraud extended to them, as well as the note, the defendant having thus undertaken, before this action was brought, to secure and pay for the acceptances forthwith. But if the acceptances were regarded only as liabilities not due when this suit was brought, and nothing had been done by the parties to make them, as between the parties a debt incurred by the plaintiffs for the defendant, which the latter was to secure and pay in presenti, then some doubt would exist if an action could lie by the plaintiffs, till they were paid. There would be an obligation on the defendant to indemnify them when the suit was brought, though actual payment was not made before the suit, but only before the trial. This would constitute a strong equity to recover for them in that action, but it might not be strictly legal. Perhaps to be thus legal, it must be apparent that the parties changed the time of paying the acceptances, as well as of the note. The presumption for the purpose of this motion may be considered in favor of such a change. But if so, was not this change void? The presumption may be, if the new agreement as to time was void in regard to the note or security, it was as to the acceptance, and at best left them as they stood before. If the plaintiffs insist otherwise, or that the amount can be allowed here, even if the new agreement was void, and the actual payment of the acceptances not made till after this suit was brought, these questions must be argued further. And if it be deemed material to have the fraud specifically settled by a jury, in respect to any change of time in paying the acceptances, or if the counsel for the assignees wish to put it to another jury, that the change in the time of payment was fraudulent towards other creditors, and if so, insist that without such change, these acceptances cannot be received as between these parties, but by a suit brought after they fell due as originally given, and after their actual payment, it is doubtful whether we ought not to examine further the last position, and if for the defendant, to allow another jury to pass on this point of fraud as to the acceptances not before made in his suit. But the natural inference being that any fraud in the new agreement was void as to the acceptances no less than the note, and it being apparent, on now looking to the minutes on which the amount of the verdict was computed, that these acceptances were not included, contrary to the impression heretofore made, we must hear the counsel further, whether they can be allowed in this action on a new trial, or the plaintiffs must bring a new suit for them instituted since they were actually paid. The point becomes important, as property is attached in this action, which may prove sufficient to pay their whole amount, whereas if not recoverable here, but only in another action, the payment of them will not be in full, but only pro rata with other creditors out of other funds.

The general rule doubtless is, that nothing can be recovered which was not due at the time the writ was served. Kerr v. Dick, 2 Chit. 11. Before the term closed at an adjourned session in April, 1848, the plaintiff moved to have the verdict set aside, or re-

formed so as to include the amount paid on the acceptances. The motion was argued by the same counsel, but no new cases were cited in its support. The court overruled it for these reasons. There was no evidence at the trial that the acceptances. independent of the second note, were agreed to be payable on demand. The jury. therefore, passed an opinion on the notes and found them to be fraudulent and void. This is the most favorable view for the plaintiffs, because if the agreement extended to the acceptances, as well as the notes, it must as to the former be considered void, as well as to the latter.

The acceptances would then stand as originally, and as thus they were not due when this action was instituted, they cannot be included in the verdict, either by amendment or a new trial. But at the same time they should not be barred by the present verdict and judgment on it, as the jury have not passed any opinion on the acceptances. We will, therefore, give a special judgment on the verdict, expressly excluding the acceptances as not decided on, or let the plaintiffs withdraw them from the declaration without prejudice, in order that they may be proved before the commissioner of insolvency, or be sued in new action, if not obliged to be so proved.