## WILSON *v.* WILSON.

Where in an action on a promissory note, for the sum of $10,000, dated in November, 1848, one-half payable in one year, and the other half in two years, from the date thereof, which action was brought, to recover the last payment, it appeared that the defendant, to secure the payment of said note, executed a mortgage on several parcels of real estate, situate in the state of New Hampshire; that the defendant having failed to pay the amount first due on said note and mortgage, the plaintiff, in March, 1850, commenced proceedings under the laws of New Hampshire, to foreclose the defendant's equity of redemption in said lands; that in September, 1850, a decree was rendered, that plaintiff should be put into possession of the lands mortgaged, and a conditional judgment against the defendant, for the amount of the first

payment and interest; under which the plaintiff received possession of a portion of the lands, on the 15th day of March, 1851, the defendant having the right to redeem within one year; and that at the time of the execution of said mortgage, said lands were incumbered to a large amount, by mortgages to other persons; which the plaintiff was compelled to pay; and where the court instructed the jury, that the suit did not open up the foreclosure, and that in making up their verdict, they should ascertain the amount due upon the mortgage, on the 15th of March, 1852,—then ascertain the amount of the incumbrances—add these two amounts together—and from this deduct the value on that day, of the two tracts of land, of which the plaintiff received possession, and credit the mortgage with the remainder—and that the balance due, after such credit, with interest from that date, would be the amount of their verdict; *Held*, That there was no error in the instruction.

And where in such a case, the court instructed the jury, that the premises included in the mortgage, which were not entered upon by plaintiff, were thrown back upon the defendant, and the plaintiff was not to be held for their value; *Held*, That the instruction was correct.

And where in such a case, the court instructed the jury, that the defendant should not be allowed anything for the rents and profits of the premises; *Held*, That the instruction was proper.

Where a mortgage is foreclosed, for an installment then due; and a subsequent suit is brought to recover a second installment, such second suit does not open the foreclosure; nor is the amount found to be due and owing in such case, open to investigation in the second suit.

Where a party under a foreclosure, takes possession of the mortgaged premises, instead of selling them, he should only be held for the value of the premises entered upon; and the defendant is entitled to a credit on the mortgage, *pro tanto*.

### *Appeal from the Dubuque District Court.*

IN November, 1848, the defendant made to plaintiff his promissory note for the sum of ten thousand dollars, one-half to be paid in one year, and one-half in two years from date. He also executed a mortgage on several parcels of real estate, situate in the county of Cheshire, state of New Hampshire, to secure the payment of said sums of money. Defendant having failed to make payment of the amount first due, as by said note and mortgage required, the plaintiff, in March, 1850, commenced proceedings under the laws of New Hampshire, to foreclose the equity of redemption of said defendant in and to said mortgaged premises. Such proceedings were had thereon, that afterwards, in Septem-

ber, 1850, a decree was rendered that plaintiff should be put into possession of the lands so mortgaged, and a conditional judgment against said defendant, for the amount of the first payment and interest. Under this decree, and by virtue of a writ issued to the proper officer, plaintiff afterwards received possession of a portion of said lands. At the time of the execution of said mortgage to plaintiff, said lands were incumbered to a large amount, by mortgages to other persons. The last installment of the mortgage note being unpaid, plaintiff brings this suit, claiming the whole amount of said five thousand dollars, with interest. The defendant answers, setting up the proceedings to foreclose the mortgage, averring that plaintiff had, under the decree, been put into possession of the premises so mortgaged, and that their value was at that time, and still is, greatly above the amount due and owing plaintiff by said note. A large amount of testimony was taken, all of which is before the court by bill of exceptions. Judgment for plaintiff for sum $2,000 less than the amount due by the last installment; and defendant appeals, assigning for error the instructions given by the court to the jury, which will be found sufficiently stated in the opinion of the court.

*Smith, McKinlay & Poor,* for the appellant, cited the following authorities: *West* v. *Chamberlain,* 8 Pick. 338; *Amory* v. *Fairbanks,* 3 Mass. 562; 1 Hilliard on Real Prop. 456; *Deming* v. *Cummings,* 11 New Hamp. 474; *Hunt* v. *Stiles,* 10 Ib. 466; *Batchellor* v. *Robinson,* 6 Ib. 12; *Newhall* v. *Wright,* 3 Mass. 149; *Ewer* v. *Hobbs and wife,* 5 Metc. 5; 4 Kent Com. (8th ed.) 183; *Lovell* v. *Leland,* 3 Vermt. 581.

*Geo. L. Nightengale* and *Clark & Bissell,* for the appellee, cited the following: 2 Hilliard on Mort. 38; 5 Metc. 5; *Hatch* v. *White,* 2 Gallison, 152; 9 Cow. 346; 1 Cruise on Real Prop. 222; 3 Johns. 330; 3 Powell on Mort. 1002, note 1; 2 Brown Ch. 125; *Thompson* v. *Blanchard,* 2 Iowa, 44; 4 Kent Com. (8th ed.) 173; *Latterett* v. *Cook,* 1 Iowa, 8.

WRIGHT, C. J.—The errors assigned in this case question the correctness of certain instructions given and refused by the court below.   It appears that under the proceedings to foreclose the mortgage, the plaintiff entered into possession of a portion of the premises on the 15th day of March, 1851, and that defendant had a right, at any time within one year from that date, to redeem the same.   The court instructed the jury, that this suit did not open the foreclosure; and that in making up their verdict, they should ascertain the amount due upon the mortgage on the 15th of March, 1852; then ascertain the amount of the incumbrances; add these two amounts together, and from this deduct the value on that day of the two tracts of land of which the plaintiff received possession, and credit the mortgage with the remainder; and that the balance due after such credit, would be their verdict. The defendant insists that this instruction is erroneous.   We are unable, however, to see why he should object to it.   Instead of foreclosing, as we do under our laws, by a sale of the mortgaged premises, it seems that plaintiff claimed the possession because the condition attached to the deed had been broken, by the non-payment of the first installment of money secured thereby.   The decree of the court found that said condition had been broken, and that plaintiff was entitled to such possession.   Under the law, however, defendant had one year within which to redeem.   Having failed to redeem, the title of the plaintiff became perfect, just as under our law it would have done by the sale, and failure to redeem the mortgaged premises.   The testimony shows, that from March, 1851, (the date of the plaintiff's entry,) until March, 1852, (the expiration of the year for redemption,) the premises increased in value.   This instruction gives to defendant the benefit of this increased value, and so far he certainly has no reason to complain.   After the expiration of the year for redemption, he had no further right to the land; and he could, therefore, claim no advantage from any subsequent appreciation in value.   So far as the instruction lays down the rule, that this suit does not open the foreclosure, there can certainly be no just excep-

tion. The proceeding to foreclose the mortgage was for the installment then due. The amount sued for in this case, was not due at that time. The amount then found to be due and owing by that adjudication, is not open for investigation in this case. The plaintiff having foreclosed by taking possession, instead of by sale, he should only be held for the value of the premises so entered upon, and *pro tanto*, defendant was entitled to a credit on said mortgage. This was allowed him under this instruction. See *West* v. *Chamberlain*, 8 Pick. 338; *Marshall* v. *Bryant*, 12 Mass. 321; *Hunt* v. *Styles*, 10 N. H. 466; *Ewer* v. *Hobbs and wife*, Metc. 5; 4 Kent, (8th ed.) 183; *Lovell* v. *Leland*, 3 Vermont, 581.

But it is said that the bringing of this suit opens the foreclosure, and that defendant has the right to redeem the land so entered upon, by paying the full amount of the mortgage debt. To this view there are, to our minds, two conclusive objections. The first is, that this suit is not brought to recover the same sum of money which was claimed by the foreclosure proceedings, but for another and different installment. The case of *Batchelder* v. *Robinson*, 6 N. H. 12, referred to by appellant, shows that there was payment and acceptance of the money by the mortgagee, after foreclosure, and this was held to waive or open such foreclosure. The distinction between that case and the one before us, is too manifest to need comment. The second objection to the position of the appellant is, that there is nothing to show, nor is there any pretence, that he has paid, or offered to pay, the amount due on the mortgage, or any part thereof.

The court below also instructed the jury that the premises included in the mortgage, which were not entered upon by plaintiff, were thrown back upon defendant. This is assigned for error by appellant. No objection has been pointed out to it, however, and we are unable to see any. Had the premises named in the mortgage been offered for sale under the proceedings to foreclose, the mortgagor would only have been entitled to credit for the amount, for which any one or more parcels might have sold, and not for the

value of those which did not sell. The plaintiff's entry, in the language of the court below, "was a process to compel payment; and if, instead of taking possession of all the premises, he entered upon a part only, he is not to be held for the value of those parcels upon which he did not enter. And when he sues for a second installment, defendant cannot complain, if the land not entered upon, is thrown back to him; and plaintiff is held to have waived by such suit, the right to enter upon such land." It is next objected, that the court instructed the jury that defendant should not be allowed anything for the rents and profits of the premises. We can see no possible objection to this instruction. Defendant never redeemed the premises. After his failure to redeem, plaintiff's title to the land was indefeasible and perfect, without any right in the defendant to claim for rents and profits during the year intervening between the entry and the expiration of the right to redeem.

In the last place, it is insisted, that the court erred in refusing to give certain instructions asked by defendant. Some of these have been sufficiently noticed, in what has already been said, and as to the others, we need only say that they were not pertinent to the case made by the proof, and were, therefore, correctly refused. *Hammett* v. *Russ*, 4 Shep. 171; *Nealy* v. *Brown*, 1 Gilm. 15; *Whitaker* v. *Pullen*, 3 Humph. 466; *Miller* v. *Gorman*, 5 Blackf. 112.

Judgment affirmed.