[Civ. No. 3463. First Appellate District, Division Two.—October 27, 1920.]

FAMOUS PLAYERS-LASKY CORPORATION (a Corporation), Respondent, v. HOWARD M. EWING, Appellant.

[1] EMPLOYER AND EMPLOYEE—INVENTIONS BY EMPLOYEE—TITLE TO. Persons employed, as much as employers, are entitled to their own independent inventions, and in the absence of an express contract or agreement the relation of employer and employee does not invest the employer with the entire property right in an invention of the employee.

[2] ID.—CONCEPTION OF GENERAL IDEA—EMPLOYMENT OF INVENTIVE SKILL—RIGHT TO PAYMENT.—An employer who conceives the result embraced in an invention or the general idea of a machine upon a particular principle, and in order to carry his conception into use necessarily employs manual dexterity, or even inventive skill, in the mechanical details and arrangement, is nevertheless the inventor and entitled to patent as against the servant who was the mere instrument through which he realized his idea.

[3] ID.—EMPLOYMENT OF PARTY FOR SPECIAL PURPOSE—INDEPENDENT INVENTIONS—PRESUMPTIONS.—As between employers and a party employed for a special purpose, matters merely auxiliary or tributary to the main invention can give to the employee no claim as an inventor, and in regard to such features as amount to independent inventions a presumption exists in favor of the employer as the author of the same, which can only be overcome by conclusive and unequivocal proof.

[4] ID.—OWNERSHIP OF PATENT—FINDINGS—EVIDENCE.—In this action by an employer to compel the defendant to execute and deliver to it an assignment of the title to an invention, the findings of the trial court to the effect that defendant was employed by plaintiff to make the invention were fully supported by the evidence, and its conclusions of law to the effect that plaintiff was the owner of the invention were in accordance both with the findings and with the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

G. E. Harpham for Appellant.

Joseph F. Westall for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment directing him to execute and deliver to the plaintiff an assignment of the title to an invention designated as a "light dissolve" and enjoining him from transferring or encumbering the invention.

The appellant attacks the judgment on various grounds, none of which has impressed this court as being substantial. An unwarranted attack is made upon the learned judge of the trial court. It is said that the complaint did not state facts sufficient to constitute a cause of action and that the findings show the plaintiff had no cause of action, but neither argument nor authority is presented. Examination of the record fails to support the ·appellant's assertions in these particulars. Motion was made to vacate the judgment on the ground that the conclusions of law are not sup-

1. Right to inventions as between employer and employee, notes, 52 Am. St. Rep. 820; 10 Ann. Cas. 553; 16 A. L. R. 1177.

ported by the findings, but are inconsistent therewith, and a motion for a new trial was made. Both motions were denied. It is contended that the court erred in not granting the appellant's motion for nonsuit and in giving judgment for the plaintiff. There is really but one question presented by the appeal, which is whether or not the plaintiff corporation is the owner and should have conveyed to it the title to the invention. The appellant contends that he made the invention while he was employed by the plaintiff corporation and that there was no agreement in the terms of his employment by which his invention should belong to his employer. The respondent, on the other hand, maintains that the trial court correctly determined upon the facts that the appellant was employed to make the invention, and that if there is substantial conflict in the evidence, the finding must be sustained.

The plaintiff is engaged in producing motion pictures. Its manager, Cecil B. DeMille, employed the defendant for the corporation as an expert electrician. He had been a theatrical electrician, but had no knowledge of making pictures at the time of his employment. His duties were to improve light in all manners possible. He was employed first at a salary of thirty dollars a week, but because of his inventive ability his salary was raised from time to time until he was receiving one hundred dollars per week. The principal photographer of the corporation was Mr. Wyckoff. In taking motion pictures in the studio, open-faced arc-lights were used. It was deemed necessary that some device be used to permit the gradual diminution and increase of the intensity of the light, the process of diminution being known as dissolving. Mr. DeMille, Mr. Wyckoff, and the defendant discussed the matter for several hours, and it was suggested that the arc-lights might be reduced in power by some device, but the defendant from his knowledge of electrical devices considered that impractical. Mr. DeMille suggested using a piece of silk on a roller to be used in front of the lights, the silk being arranged so that it ran from red or orange through yellow, white and blue to black to effect a gradual dimming of the light. The defendant said he knew the machine and suggested that he work out something along that line for the purpose of dissolving the light from the arc-light used. Mr. Wyckoff also made some suggestions

on the subject. Subsequently Mr. Wyckoff made further suggestions, and finally a curtain was evolved of white material at one end and black at the other, with a V-shaped extension of the black running into the white portion at the middle of the curtain. This was mounted on two rollers operated by hand at the top and bottom of the lights before which it was used. When it was put into operation, at the request of DeMille, the attorney for the plaintiff was asked to examine it and suggested there might be patentable features about it, DeMille, Wyckoff, and Ewing being present. Upon the direction of DeMille, a patent attorney was called in and directed by the attorney of the plaintiff corporation to prepare an application for patent. Since the application had to be signed by an individual, DeMille suggested that Ewing and he should sign it jointly, but it being suggested by the attorney that DeMille was too busy to attend to the details, the application was signed by Ewing alone. The corporation paid all fees in connection with the patent application, although Ewing testified that he expected to pay the fees when the bill came in.

[1] The appellant relies on the established rule that persons employed, as much as employers, are entitled to their own independent inventions. (*Agawam Co.* v. *Jordan,* 74 U. S. (7 Wall.) 583, [19 L. Ed. 177, see, also, Rose's U. S. Notes]), and that in the absence of an express contract or agreement the relation of employer and employee does not invest the employer with the entire property right in an invention of the employee. (*Johnson F. & E. Co.* v. *Western F. Co.,* 178 Fed. 823, [102 C. C. A. 267].) In the Agawam case, among other things, it was determined that where a master workman employing other people has conceived the plan of invention and is engaged in experiments to perfect it, no suggestion by a person employed by him not amounting to a new method or arrangement, which in itself is a complete invention, is sufficient to deprive the employer of the exclusive property in the perfected improvement. [2] "An employer who conceives the result embraced in an invention or the general idea of a machine upon a particular principle, and in order to carry his conception into use necessarily employs manual dexterity, or even inventive skill, in the mechanical details and arrangement, is never-

theless the inventor and entitled to patent as against the servant who was the mere instrument through which he realized his idea." (*King* v. *Gedney*, 14 Fed. Cas. 526, [No. 7795] ; *Wellman* v. *Blood*, Fed. Cas. No. 17,385; *Huebel* v. *Bernard*, 15 App. D. C. 510; *Gallagher* v. *Hastings*, 21 App. D. C. 88.) The defendant was employed to improve the light in every way possible and to use his expert knowledge and ability in that direction. The general idea of the invention was that of DeMille, the manager of the plaintiff corporation. [3] "As between employers and a party employed for a special purpose, matters merely auxiliary or tributary to the main invention can give to the employee no claim as an inventor, and in regard to such features as amount to independent inventions a presumption exists in favor of the employer as the author of the same, which can only be overcome by conclusive and unequivocal proof." (*Miller* v. *Kelley*, 18 App. D. C. 163; *United Shirt and Collar Co.* v. *Beattie*, 149 Fed. 736, [79 C. C. A. 442].) [4] The findings of the trial court are in accordance with the facts; they are fully supported by the evidence and the conclusions of law are in accordance both with the findings and with the evidence. The judgment follows the conclusions.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 26, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1920.

All the Justices concurred.