**HARTLEY PEN CO.**

**v.**

**LINDY PEN CO., Inc. et al.**

**KIMBERLY CORP.**

**v.**

**HARTLEY PEN CO. et al.**

**Civ. No. 15367.**

United States District Court
S. D. California, Central Division.
June 28, 1954.

144

Harris, Kiech, Foster & Harris, Ford
Harris, Jr., Donald C. Russell, Los An-
geles, Cal., for plaintiff and cross-de-
fendant Hartley Pen Co: and for coun-
ter-defendant Hartley M. Sears.

Donald A. Rosen, Los Angeles, Cal.,
for defendants Lindy Pen Co., Inc., Sid-
ney Linden, individually and doing busi-
ness as Adams-Linden Co.

Flam & Flam, Eugene H. Marcus, Los Angeles, Cal., for intervener-plaintiff, cross-claimant and counterclaimant Kimberly Corp.

Louis Licht and Bernard Kriegel, Los Angeles, Cal., for counter-defendant Clarence O. Schrader.

MATHES, District Judge.

Plaintiff invokes the equity jurisdiction of this court under 28 U.S.C.A. § 1338(a) seeking an injunction and damages for claimed patent infringement. Rice and Adams Corp. v. Lathrop, 1929, 278 U.S. 509, 515, 49 S.Ct. 220, 73 L.Ed. 480; Briggs v. United Shoe etc. Co., 1915, 239 U.S. 48, 50, 36 S.Ct. 6, 60 L. Ed. 138; Beaunit Mills v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563, 566.

The complaint alleges that U. S. Letters Patent No. 2,498,009 were issued to plaintiff on February 21, 1950, for inventions in "Methods of and Apparatus for assembling ball-pointed writing instruments"; that continuously since the date of issue plaintiff "has been and now is the sole owner of said Letters Patent and all rights thereunder including the right to damages for past infringement thereof"; and that since the date of the patent defendants have infringed, now infringe and threaten continued infringement.

Thus plaintiff asserts claims for infringement arising both before and since January 1, 1953—the effective date of the Patent Codification Act of July 19, 1952, 35 U.S.C.A. § 1 et seq. 66 Stat. 792. And since the saving clause of the Act provides that: "Any rights or liabilities * * * existing under such sections or parts thereof shall not be affected by * * * repeal" of pre-existing portions of the Revised Statutes or Statutes at Large, 66 Stat. at 815, § 5, 35 U.S.C.A. preceding § 1, the old law is applicable to claims arising prior to January 1, 1953, and new Title 35 of the United States Code §§ 1–293 to all claims arising subse-

quently. General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912, certiorari denied, 1953, 346 U.S. 822, 74 S.Ct. 37; Texas-Miller Hat Corp. v. Switzer Bros., 5 Cir., 201 F.2d 824, certiorari denied, 1953, 346 U.S. 821, 74 S.Ct. 36; Gagnier Fibre Products Co. v. Four-slides, Inc., D.C.E.D.Mich.1953, 112 F. Supp. 926, 928–929.

Defendants answered the complaint, raising issues as to validity and infringement. Prior to the time fixed for pre-trial hearing, Kimberly Corporation filed a "motion to intervene as a plaintiff under Rule 24 of Federal Rules of Civil Procedure" upon the ground *inter alia* that Kimberly claims ownership of the patent in suit.

Among the considerations urged in support of the application for leave to intervene was the fact that defendants had pleaded in an amended answer "that the patent is invalid because of prior public use" by Kimberly.

Rule 24 provides in part:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Fed.Rules Civ.Proc. Rule 24(a, b), 28 U.S.C.A.

The application was timely under the circumstances. Cf. Pellegrino

v. Nesbit, 9 Cir., 1953, 203 F.2d 463; Pyle-National Co. v. Amos, 7 Cir., 1949, 172 F.2d 425; Cameron v. President and Fellows of Harvard College, 1st Cir., 1946, 157 F.2d 993; Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, certiorari denied, 1944, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621; Schmidt v. United States, 9 Cir., 102 F.2d 589, certiorari denied, 1939, 308 U.S. 569, 60 S.Ct. 83, 84 L.Ed. 478; Seligman v. City of Santa Rosa, C.C.N.D.Cal.1897, 81 F. 524.

Assuming for the purposes of the motion that Kimberly's interest was as alleged [see: Clark v. Sandusky, 7 Cir., 1953, 205 F.2d 915, 918], it appeared that " 'the representation of the applicant's interest by existing parties is * * * inadequate' ". Fed.Rules Civ. Proc. rule 24(a) (2), supra, 28 U.S.C.A.; cf. MacDonald v. United States, 9 Cir., 1941, 119 F.2d 821, 827–828; modified and affirmed sub nom. Great Northern Ry. Co. v. United States, 1942, 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836. It appeared also that Kimberly may be bound—if not legally then practically— by the judgment in the action, at least insofar as that judgment should adjudicate the validity of the patent. Cf. Allen Calculators, Inc., v. National Cash Register Co., 1944, 322 U.S. 137, 140– 141, 64 S.Ct. 905, 88 L.Ed. 1188.

For as Judge Learned Hand said in A. L. Smith Iron Co. v. Dickson, 2 Cir., 1944, 141 F.2d 3, "every patent owner has an interest in keeping the reputation of his patent from the stain of a judgment of invalidity—an interest which it is proper for a court to recognize." 141 F.2d at page 6. Accordingly Kimberly's application for leave to intervene "of right" pursuant to Rule 24 (a) was granted. See: Innis, Speiden & Co. v. Food Machinery Corp., D.C.D.Del. 1942, 2 F.R.D. 261; Johnson v. Georgia Power Co., D.C.N.D.Ga.1942, 2 F.R.D. 282; cf. Sutphen Estates v. United States, 1951, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19; Barnes v. Alexander, 1914, 232 U.S. 117, 122–123, 34 S.Ct. 276, 58 L.Ed. 530; Smith v. Gale, 1892, 144 U.S. 509, 518, 12 S.Ct. 674, 36 L.Ed. 521; Dowdy v. Hawfield, 88 U.S.App. D.C. 241, 189 F.2d 637, 639, certiorari denied, 1951, 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628; People of State of Cal. v. United States, 9 Cir., 180 F.2d 596, certiorari denied, 1950, 340 U.S. 826, 71 S.Ct. 61, 95 L.Ed. 607; Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651, 653; White v. Hanson, 10 Cir., 1942, 126 F.2d 559; MacDonald v. United States, supra, 119 F.2d at page 821; Helene Curtis Industries v. Sales Affiliates, D.C. S.D.N.Y. 105 F.Supp. 886, 897, affirmed 2 Cir., 1952, 199 F.2d 732; 4 Moore, Federal Practice, par. 24.09 at 49–50 (2d ed. 1950).

Kimberly thereupon filed its "Intervener's Complaint" alleging ownership of the patent and asserting claims for infringement not only against the defendants named in Hartley's complaint, but also against the plaintiff, Hartley Pen Company, and newly-joined defendants Clarence O. Schrader and Hartley M. Sears.

Plaintiff and defendants-in-intervention Sears and Schrader now move to dismiss "Intervener's Complaint" upon the grounds: (1) that "the Court lacks jurisdiction over the subject matter," and (2) that "Intervener's complaint fails to state a claim upon which relief can be granted." Fed.Rules Civ.Proc. rule 12(b)(1, 6), 28 U.S.C.A.

A pending suit within federal jurisdiction is by definition prerequisite to intervention. See: Rocca v. Thompson, 1912, 223 U.S. 317, 330–331, 32 S. Ct. 207, 56 L.Ed. 453; Hofheimer v. McIntee, 7 Cir., 179 F.2d 789, 792, certiorari denied, 1950, Johnston v. McIntree, 340 U.S. 817, 71 S.Ct. 47, 95 L.Ed. 600; cf. Securities and Exchange Comm. v. U. S. Realty, etc., Co., 1940, 310 U.S. 434, 458–460, 60 S.Ct. 1044, 84 L.Ed. 1293; Cochrane v. Potts, 5 Cir., 1931, 47 F.2d 1026. And it may be stated as a general rule that where in-

tervention is merely permissive, Fed. Rules Civ.Proc. rule 24(b), jurisdiction of the intervener's claim—like jurisdiction of a permissive counterclaim, see: Moore v. N. Y. Cotton Exchange, 1926, 270 U.S. 593, 609, 46 S.Ct. 367, 70 L.Ed. 750; Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968, 976, note 10; Celite Corp. v. Dicalite Co., 9 Cir., 96 F.2d 242, 249, certiorari denied, 1938, 305 U.S. 633, 59 S.Ct. 101, 83 L.Ed. 407; In re Nathan, D.C.S.D.Cal.1951, 98 F. Supp. 686, 688–689—must rest upon independent jurisdictional grounds. Hoffman v. McClelland, 1924, 264 U.S. 552, 558, 44 S.Ct. 407, 68 L.Ed. 845; Oklahoma v. Texas, 1922, 258 U.S. 574, 581, 42 S.Ct. 406, 66 L.Ed. 771; see 4 Moore, supra, pars. 24.10[3], 24.18[4].

As Judge Connally put it in Glover v. McFaddin, D.C.E.D.Tex.1951, 99 F. Supp. 385, affirmed, 5 Cir., 205 F.2d 1, certiorari denied, 1953, 346 U.S. 900, 74 S.Ct. 227; "Each such permissive intervention * * * must be supported by its own independent grounds of federal jurisdiction. It may not depend upon that of the main suit." 99 F.Supp. at page 391.

■ But where intervention is a matter of right, Fed.Rules Civ.Proc. rule 24(a), jurisdiction of the intervener's claim—like jurisdiction of a compulsory counterclaim, see: Moore v. N. Y. Cotton Exchange, supra, 270 U.S. at page 609, 46 S.Ct. 367, 70 L.Ed. 750; American Mills Co. v. American Surety Co., 1922, 260 U.S. 360, 364, 43 S.Ct. 149, 67 L.Ed. 306; Texas Co. v. Borne etc. Co., 4 Cir., 1933, 68 F.2d 104, 106; Cooling Tower Co. v. C. F. Braun & Co., 9 Cir., 1924, 1 F.2d 178; Marks v. Spitz, D.C.D.Mass. 1945, 4 F.R.D. 348, 350—may depend upon the jurisdiction of the main suit, where ancillary to it. See: Alexander v. Hillman, 1925, 298 U.S. 222, 239–242, 56 S.Ct. 204, 80 L.Ed. 192; Fulton Nat. Bank v. Hosier, 1925, 267 U.S. 276, 280, 45 S.Ct. 261, 69 L.Ed. 609; Hoffman v. McClelland, supra, 264 U.S. at page 558, 44 S.Ct. 407; Wabash R. R. Co. v. Adel-

bert College, 1908, 208 U.S. 38, 54, 28 S.Ct. 182, 52 L.Ed. 379; cf. Dickinson v. Petroleum Corp., 1950, 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299; Brotherhood of Railroad Trainmen v. Baltimore & O. R. Co., 1947, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646.

■■ Regardless of whether the intervention be "permissive" or "of right", in cases where jurisdiction of the original action is founded upon diversity of citizenship, the citizenship of the intervener cannot oust the jurisdiction, because of the established rule that diversity jurisdiction once attached cannot be ousted by subsequent change in the citizenship of parties. Wichita R. & Light Co. v. Public Utilities Comm., 1922, 260 U.S. 48, 54, 43 S.Ct. 51, 67 L.Ed. 124; Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 365, 367, 41 S.Ct. 338, 65 L.Ed. 673; Stewart v. Dunham, 1885, 115 U.S. 61, 64, 5 S.Ct. 1163, 29 L.Ed. 329; Virginia Elec. & Power Co. v. Carolina Peanut Co., 4 Cir., 1951, 186 F.2d 816, 820–821; Knapp v. Hankins, D.C.E.D.Ill.1952, 106 F.Supp. 43; Golconda Pet. Corp., v. Petrol Corp., D.C.S.D.Cal.1942, 46 F.Supp. 23.

The diversity jurisdiction of this court is not invoked in the action at bar by either plaintiff or intervener. Diversity of citizenship is not alleged, and it is conceded that requisite diversity does not exist. See: City of Indianapolis v. Chase Nat. Bank, 1941, 314 U.S. 63, 69–70, 76–77, 62 S.Ct. 15, 86 L.Ed. 47; Mullen v. Torrance, 1824, 9 Wheat. 537, 22 U.S. 537, 538, 6 L.Ed. 154.

It is necessary then to determine whether jurisdiction of the claims asserted in intervener's complaint can be rested upon grounds independent of the main suit and, if not, whether federal jurisdiction can be supported upon the ground that the claims are ancillary to the main cause.

Briefly stated, intervener's claims are: that Schrader and Sears, "the joint inventors of the invention described and

claimed" in Letters Patent No. 2,498,-009, filed their application for letters patent on June 27, 1947; and on November 7, 1949 assigned the application to plaintiff, Hartley Pen Company, [see: 35 U.S.C. § 47 (1946); id. § 261 (1953)]; that Letters Patent No. 2,-498,009 were issued to plaintiff, as assignee of the application, on February 21, 1950 [see: 35 U.S.C. § 44 (1946); id. § 152 (1953)]; that since prior to 1945 intervener "has been and is engaged in the manufacture of ball-point writing instruments and parts thereof"; that in September, 1945 Sears and Schrader became full-time employees of intervener, Sears "in the capacity of chief engineer and technical director," Schrader "in the capacity of general foreman and assistant to * * * Sears"; that "while so employed * * Schrader and Sears were assigned * * to the specific task of developing apparatus and method for assembling ball-pointed writing instruments, and particularly for swaging the ball of the pen within a cavity of the pen; and said Schrader and Sears jointly invented and developed apparatus and method for such purposes, all while in the employ of intervener and in the course of their duties; said method and apparatus were commercially used in intervener's plant for the production of ball-pointed writing instruments prior to May, 1947 * * said invention thus made jointly by Schrader and Sears is described and claimed in said Letters Patent No. 2,-498,009"; that in May, 1947 Schrader and Sears left the employ of intervener and thereafter joined with others in forming plaintiff corporation; that Sears and Schrader "unconscionably concealed from intervener that they had filed an application that resulted in said patent"; that intervener is "the rightful owner of the entire right, title and interest in and to * * * Letters Patent No. 2,498,009 * * *"; that "Schrader and Sears held title to said application that resulted in * * * Letters Patent No. 2,498,009 as con-

structive trustees for the benefit of intervener; and * * * original plaintiff, Hartley Pen Company, now holds title to said patent as constructive trustee for the benefit of intervener."

If, as alleged, "said method and apparatus were commercially used in intervener's plant * * * prior to May, 1947", intervener would be entitled to the statutory license then provided by R.S. § 4899, 35 U.S.C. § 48, which, until repealed on July 19, 1952, 66 Stat. 815, provided that: "Every person who purchases of the inventor, or discoverer, or with his knowledge and consent constructs any newly invented or discovered machine, or other patentable article, prior to the application by the inventor or discoverer for a patent, or who sells or uses one so constructed, shall have the right to use, and vend to others to be used, the specific thing so made or purchased, without liability therefor." 35 U.S.C. § 48; see Wade v. Metcalf, 1889, 129 U.S. 202, 9 S.Ct. 271, 32 L.Ed. 661; Barton v. Nevada Consol. Copper Co., 9 Cir., 1934, 71 F.2d 381.

The above-quoted provision for statutory license was repealed on July 19, 1952, 66 Stat. 815, and no corresponding provision was carried into revised Title 35 U.S.C. §§ 1–293. See: 35 U.S.C.A. §§ 35, 48. While any statutory license previously accruing to intervener would not be affected by the repeal, Act of July 19, 1952, § 5, 66 Stat. 815, such license would not entitle intervener to sue for infringement. Bliss Co. v. United States, 1920, 253 U.S. 187, 192, 40 S.Ct. 455, 64 L.Ed. 852; Pope Mfg. Co. v. Gormully, 1892, 144 U.S. 248, 251–252, 12 S.Ct. 641, 36 L.Ed. 423; Gayler v. Wilder, 1850, 10 How. 477, 51 U.S. 477, 494, 13 L.Ed. 504.

There is nothing else, either in the Federal Constitution or in any Federal statute, by which to determine what rights intervener may have acquired in or under the patent in suit by reason of the matters alleged in intervener's complaint. The transactions having taken

place in California, intervener's rights if any arose under and are governed by the law of California. Universal Winding Co. v. Clarke, D.C.D.Conn.1952, 108 F.Supp. 329, 332; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1952, 106 F.Supp. 594, 600, affirmed, 3 Cir., 203 F.2d 279, 282, certiorari denied, 1953, 346 U.S. 866, 74 S.Ct. 105; cf. Republic Pictures Corp. v. Security etc. Bank, 9 Cir., 1952, 197 F.2d 767; Wells v. Universal Pictures Co., 2 Cir., 1948, 166 F.2d 690; Meredith v. Smith, 9 Cir., 1944, 145 F.2d 620; Laning v. National etc. Co., 7 Cir., 1942, 125 F.2d 565, 568; Leaver v. Parker, 9 Cir., 1941, 121 F.2d 738, certiorari denied, Leaver v. Citizens Nat. Trust & Savings Bank, 1942, 314 U.S. 700, 62 S.Ct. 480, 86 L. Ed. 560; Lion Mfg. Corp. v. Chicago etc. Co., 7 Cir., 1939, 106 F.2d 930; U. S. Fire Protection Co. v. Monocel, D.C. D.N.J.1943, 53 F.Supp. 989.

 As declared in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188: "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. * * * There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general', be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts." 304 U.S. at page 78, 58 S.Ct. at page 822; and see: Cities Service Oil Co. v. Dunlap, 1939, 308 U.S. 208; Ruhlin v. N. Y. Life Ins. Co., 1938, 304 U.S. 202, 205, 60 S.Ct. 201, 84 L.Ed. 196.

Under that historic decision cf. Swift v. Tyson, 1842, 16 Pet. 1, 41 U.S. 1, 18, 10 L.Ed. 865, there is no Federal common or "general" law which this court can apply to ascertain whether, for example, intervener acquired under the facts pleaded equitable ownership of the patent, cf. Standard Parts Co. v. Peck, 1924, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed. 560; Magnetic Mfg. Co. v. Dings Magnetic etc. Co., 7 Cir., 1926, 16 F.2d 739, certiorari denied, 1927, 274 U.S. 740, 47 S.Ct. 586, 71 L.Ed. 1320, or merely a "shop-right"—an irrevocable, non-exclusive, non-transferable license to use the invention. Cf. United States v. Dubilier Condenser Corp., 1933, 289 U.S. 178, 53 S.Ct. 554, 77 L.Ed. 1114; Gill v. United States, 1896, 160 U.S. 426, 16 S.Ct. 322, 40 L.Ed. 480; Lane & Bodley Co. v. Locke, 1898, 150 U.S. 193, 14 S.Ct. 78, 37 L.Ed. 1049; Dalzell v. Dueber Mfg. Co., 1893, 149 U.S. 315, 13 S.Ct. 886, 37 L.Ed. 749; Hapgood v. Hewitt, 1886, 119 U.S. 226, 7 S.Ct. 193, 30 L.Ed. 369; McClurg v. Kingsland, 1843, 1 How. 202, 42 U.S. 202, 205, 11 L.Ed. 102; Consolidated Vultee Aircraft Corp. v. Maurice A. Garbell, Inc., 9 Cir., 204 F.2d 946, certiorari denied, 1952, 346 U.S. 873, 74 S.Ct. 122; Gate-Way v. Hillgren, D.C.S.D.Cal.1949, 82 F.Supp. 546 affirmed per curiam, 9 Cir., 1950, 181 F.2d 1010.

 Since patents "have the attributes of personal property", 35 U. S.C. § 261 (1952); cf. Moore v. Marsh, 1868, 7 Wall. 515, 74 U.S. 515, 19 L.Ed. 37; Hook v. Hook & Ackerman, 3 Cir., 1951, 187 F.2d 52, this court, in determining the nature and *quantum* of any rights which may have accrued to intervener under the facts alleged, must look to the law of California governing the acquisition of such personal property. Cf. Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 1902, 185 U.S. 282, 285–286, 22 S.Ct. 681, 46 L.Ed. 910; Pratt v. Paris Gas etc. Co., 1897, 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458; Wade v. Lawder, 1897, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851; Marsh v. Nichols, Shepard & Co., 1891, 140 U.S. 344, 354, 359, 11 S.Ct. 798, 35 L.Ed. 413; Felix v. Scharnweber, 1888, 125 U.S. 54, 58, 60, 8 S.Ct. 759, 31 L.Ed. 687; see: Cal. Labor Code, § 2860; Famous Players-Lasky Corp. v. Ewing, 1920, 49 Cal.App. 676, 194 P. 65; Union Die Casting Co. v.

Anderson, 1938, 25 Cal.App.2d 195, 76 P.2d 703.

■ If under California law intervener acquired nothing more than a nonexclusive license to use the invention, that license would not entitle intervener to maintain an action for infringement under the patent laws. Cf. Independent Wireless Co. v. Radio Corp., 1926, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357; Bliss Co. v. United States, supra, 253 U.S. at page 192, 40 S.Ct. 455, 64 L.Ed. 852; Birdsell v. Shaliol, 1884, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768; Tyler v. Tuel, 1810, 6 Cranch, 324, 10 U.S. 324, 3 L.Ed. 237.

■ If on the other hand intervener acquired equitable ownership of the patent, this would entitle intervener to maintain an equitable action for infringement, Beaunit Mills v. Eday Fabric Sales Corp., supra, 124 F.2d at page 563, joining the holder of the bare legal title as involuntary plaintiff, if necessary. See: Ind. Wireless Co. v. Radio Corp., supra, 269 U.S. at pages 468–474, 46 S.Ct. 166; Waterman v. Mackenzie, 1891, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923; Littlefield v. Perry, 1874, 21 Wall. 205, 88 U.S. 205, 223, 22 L.Ed. 577.

In summary, the complaint in intervention sets forth three claims: (1) that intervener is the owner of full equitable title to the patent in suit and plaintiff holds bare legal title "as constructive trustee for the benefit of intervener"; (2) that the original defendants, Lindy Pen Co., Inc., et al. have infringed and now infringe; (3) that plaintiff *qua* cross-defendant and counter-defendants Sears and Schrader have infringed and now infringe; and the intervener prays judgment: (a) declaring all claims of Letters Patent No. 2,498,-009 valid and that plaintiff holds legal title thereto as constructive trustee for the benefit of intervener; (b) ordering plaintiff to assign to intervener the patent and all claims for past infringement; and (c) awarding intervener injunctive relief and damages for infringement.

■ Had the complaint of intervener initiated an original action in this court seeking "the aid of the court in declaring a forfeiture of the license, or in restoring an unclouded title to the patent," such a claim for relief would not "give the federal District Court jurisdiction of the cause as one arising under the patent laws." Luckett v. Delpark, 1926, 270 U.S. 496, 510, 46 S.Ct. 397, 402, 70 L.Ed. 703; cf. Scribner's Sons v. Straus, 1908, 210 U.S. 352, 28 S.Ct. 735, 52 L.Ed. 1094; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., supra, 185 U.S. 282, 22 S.Ct. 681; Dale Tile Mfg. Co. v. Hyatt, 1888, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683; Albright v. Teas, 1882, 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295; Hartell v. Tilghman, 1878, 99 U.S. 547, 25 L.Ed. 357; Brown v. Atwell, 1875, 92 U.S. 327, 23 L.Ed. 511; Brown v. Shannon, 1857, 20 How. 55, 61 U.S. 55, 15 L.Ed. 826; Kinsman v. Parkhurst, 1855, 18 How. 289, 59 U.S. 289, 15 L.Ed. 385; Wilson v. Sandford, 1850, 10 How. 99, 51 U.S. 99, 13 L.Ed. 344; Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676, certiorari denied, 1942, 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540; Laning v. National etc. Co., supra, 125 F.2d at pages 566–568; Lion Mfg. Co. v. Chicago etc. Co., supra, 106 F.2d at pages 932–934.

■ As the court explained in New Marshall Engine Co. v. Marshall Engine Co., 1912, 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513: "The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy. For courts of a state may try questions of title, and may construe and enforce contracts relating to patents." 223 U.S. at page 478, 32 S.Ct. at page 239.

There the inventor, Marshall, was obligated by contract to assign the patent to the complainant, Marshall Engine Co.

In the language of the opinion: "Marshall had, however, in violation of his contract, previously assigned patent 725,349 to the New Marshall Engine Company, which took with notice of the prior transfer. This company, therefore, held the legal title as trustee for the complainant. Under the circumstances the state court had jurisdiction to pass on the question of ownership, and to enter a decree requiring Marshall, as patentee, and the New Marshall Engine Company, as trustee, to make an assignment in due form to the complainant. This jurisdiction was based on general principles of equity jurisprudence, and did not present a case arising under the patent law. It is, however, urged that the state court was ousted of the jurisdiction to enter a decree for specific performance, because the bill went farther, and prayed that the defendants, and each of them, should be enjoined from manufacturing or selling the machines covered by patent 725,349. It is claimed that this was, in effect, an application and decree for injunction against infringement, and could only be granted by a Federal court. * * Here the injunction asked for is to be the consequence of the decree sustaining the complainant's title. It alleges no ground for injunction unless that title is established. The state court had jurisdiction of the subject-matter of the controversy." 223 U.S. at pages 479–480, 32 S.Ct. at page 239.

Absent then diversity of citizenship, cf. Loew's Drive-In Theatres v. Park-In Theatres, 1 Cir., 174 F.2d 547, certiorari denied, 1949, 338 U.S. 822, 70 S.Ct. 68, 94 L.Ed. 499, there are no grounds upon which to rest original federal jurisdiction of intervener's claims for infringement against plaintiff and defendants Schrader and Sears. See: Pendleton v. Ferguson, 1940, 15 Cal.2d 319, 101 P.2d 81; Seagren v. Smith, 1944, 63 Cal.App.2d 733, 147 P.2d 682.

■ This court may however have ancillary jurisdiction over claims with respect to which it could not exercise original jurisdiction. This is necessarily so; otherwise there would never be occasion to invoke the doctrine of ancillary jurisdiction, and thus depend upon jurisdiction of the main cause. See: Mitchell v. Maurer, 1934, 293 U.S. 237, 243, 55 S.Ct. 162, 79 L.Ed. 338; Cincinnati I. & W. R. R. Co. v. Indianapolis etc. Ry. Co., 1926, 270 U.S. 107, 116–117, 46 S.Ct. 221, 70 L.Ed. 490; Fulton Bank v. Hosier, supra, 267 U.S. at page 280, 45 S.Ct. 261; Hoffman v. McClelland, supra, 264 U.S. at page 558, 44 S.Ct. 407; Eichel v. U. S. Fidelity & G. Co., 1917, 245 U.S. 102, 104, 38 S.Ct. 47, 62 L.Ed. 177; Hamer v. New York Rys. Co., 1917, 244 U.S. 266, 275, 37 S.Ct. 511, 61 L.Ed. 1125; Julian v. Central Trust Co., 1904, 193 U.S. 93, 113–114, 24 S.Ct. 399, 48 L.Ed. 629; Carey v. Houston etc. Ry., 1896, 161 U.S. 115, 128–131, 16 S.Ct. 537, 40 L.Ed. 638; Gregory v. Van Ee, 1896, 160 U.S. 643, 16 S.Ct. 431, 40 L.Ed. 566; White v. Ewing, 1895, 159 U.S. 36, 39, 15 S.Ct. 1018, 40 L.Ed. 67; Rouse v. Letcher, 1895, 156 U.S. 47, 49–50, 15 S.Ct. 266, 39 L.Ed. 341; Root v. Woolworth, 1893, 150 U.S. 401, 410–411, 14 S.Ct. 136, 37 L.Ed. 1123; In re Tyler, 1893, 149 U.S. 164, 181, 13 S.Ct. 785, 37 L.Ed. 689; Johnson v. Christian, 1888, 125 U.S. 642, 8 S.Ct. 1135, 31 L.Ed. 820; Dewey v. West Fairmont etc. Co., 1887, 123 U.S. 329, 333, 8 S.Ct. 148, 31 L.Ed. 179; Phelps v. Oaks, 1886, 117 U.S. 236, 240–241, 6 S.Ct. 714, 29 L.Ed. 888; Stewart v. Dunham, supra, 115 U.S. at page 64, 5 S.Ct. 1163, 29 L.Ed. 329; Krippendorf v. Hyde, 1884, 110 U.S. 276, 281–282, 4 S.Ct. 27, 28 L.Ed. 145; Jones v. Andrews, 1864, 10 Wall. 327, 77 U.S. 327, 333–334, 19 L.Ed. 935; Blossom v. Milwaukee & C. Railroad Co., 1863, 1 Wall. 655, 68 U.S. 655, 17 L.Ed. 673; Oils, Inc. v. Blankenship, 10 Cir., 1944, 145 F.2d 354, certiorari denied, 1945, 323 U.S. 803, 65 S.Ct. 562, 89 L.Ed. 641; Feidler v. Bartleson, 9 Cir., 1908, 161 F. 30; Johnson v. G. J. Sherrard Co.,

D. C., D.Mass. 1941, 2 F.R.D 164; 1 Barron and Holtzoff, Federal Practice and Procedure, § 23 (1950); 4 Moore, supra, par. 24.18; Note, 55 Harv.L.Rev. 264–269 (1941).

■ The doctrine of "ancillary" jurisdiction, like that of "pendent" jurisdiction, is born of the necessities of effective judicial administration. Under both, federal jurisdiction over one claim is sustained by dependence upon federal jurisdiction of a related claim. Cf. Alexander v. Hillman, supra, 296 U.S. at pages 239–242, 56 S.Ct. 204, 80 L.Ed. 192; Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Supreme Tribe of Ben Hur v. Cauble, supra, 255 U.S. at pages 365–367, 41 S.Ct. 338, 65 L.Ed. 673; Krippendorf v. Hyde, supra, 110 U.S. at pages 281–287, 4 S.Ct. 27, 28 L.Ed. 145. Under both, jurisdiction of one cause of action is dependent upon whether or not a related cause of action is within the jurisdiction of the court. See seriatim: Osborn v. Bank of United States, 1824, 9 Wheat. 738, 22 U.S. 738, 822–823, 6 L.Ed. 204; Siler v. Louisville etc. R. Co., 1909, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753; Vogue Co. v. Vogue Hat Co., 6 Cir., 12 F.2d 991, certiorari denied sub nom. Thompson v. Vogue Co., 1926, 273 U.S. 706, 47 S.Ct. 98, 71 L.Ed. 850; Hurn v. Oursler, supra, 289 U.S. at pages 245–246, 41 S.Ct. 338, 65 L.Ed. 673; Montana-Dakota Utilities Co. v. Northwestern etc. Co., 1951, 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912; Dubil v. Rayford Camp & Co., 9 Cir., 1950, 184 F.2d 899.

■ The concepts of "ancillary" and "pendent" jurisdiction have sprung from the broader concept that all equity "jurisdiction", cf. Fauntleroy v. Lum, 1908, 210 U.S. 230, 235, 28 S.Ct. 641, 52 L.Ed. 1039, of the federal courts is *ex necessitate* dependent, since "the general powers of Federal courts when sitting as courts of equity * * * can be exerted only in cases otherwise within the jurisdiction of those courts as defined by Congress." Briggs v. United Shoe etc. Co., supra, 239 U.S. at 50, 36 S.Ct. 6, 7, 60 L.Ed. 138; accord: Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339; Atlas Life Ins. Co. v. W. I. Southern, Inc., 1939, 306 U.S. 563, 568, 59 S.Ct. 657, 83 L.Ed. 987; Matthews v. Rodgers, 284 U.S. 521, 524–526 (1932); Twist v. Prairie Oil Co., 1927, 274 U.S. 684, 689–692, 47 S.Ct. 755, 71 L.Ed. 1297; Mississippi Mills v. Cohn, 1893, 150 U.S. 202, 205, 14 S.Ct. 75, 37 L.Ed. 1052; Clarke v. Mathewson, 1838, 12 Pet. 164, 37 U.S. 164, 172, 9 L.Ed. 1041; cf. Bell v. Hood, D.C.S.D. Cal.1947, 71 F.Supp. 813, 819–820.

■ The doctrine of ancillary jurisdiction serves to meet with flexibility the varying jurisdictional demands inherent in the age-old maxim that "a court of equity ought to do justice completely, and not by halves." Camp v. Boyd, 1913, 229 U.S. 530, 551, 33 S.Ct. 785, 793, 57 L. Ed. 1317; see: Lesnik v. Public Industrials Corp., supra, 144 F.2d at pages 973–976; Carter Oil Co. v. Wood, D.C. E.D.Ill.1940, 30 F.Supp. 875. And "to this end, having properly acquired jurisdiction of the cause for any purpose, it will ordinarily retain jurisdiction for all purposes, including the determination of legal rights that otherwise would fall within the exclusive authority of a court of law." Rice & Adams Corp. v. Lathrop, supra, 278 U.S. at page 515, 49 S.Ct. at page 222; see: 28 U.S.C.A. § 1338(b); Clark v. Wooster, 1886, 119 U.S. 322, 325, 7 S.Ct. 217, 30 L.Ed. 392.

When and to the extent that any person is entitled "of right" to intervene in an action—"when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action", Fed.Rules Civ.Proc. rule 24(a) (2), 28 U.S.C.A.—claims which the intervening party is entitled "of right" to assert in the action are by definition "ancillary" to the main cause. This is true for the same reason that compulsory counterclaims which an intervener may be required to assert in the

action, Fed.Rules Civ.Proc. rule 12(a), 28 U.S.C.A., are deemed ancillary to the main cause. See Moore v. N. Y. Cotton Exchange, supra, 270 U.S. at page 609, 46 S.Ct. 367.

▉ Rule 24(c) requires the applicant to accompany his motion to intervene by "a pleading setting forth the claim or defense for which intervention is sought." Fed.Rules Civ.Proc. rule 24(c), 28 U.S.C.A. Rules 7–11 plainly disclose that only parties may file pleadings; while Rule 13 directs that compulsory counterclaims must, and permissive counterclaims and cross-claims may, be filed by any person entitled to file a pleading. [See: Fed.Rules Civ.Proc. rule 13, 28 U.S.C.A.; 4 Moore, supra, pars. 24.01–24.11.] So once intervention has been granted the intervener becomes a "party", within the meaning of the Rules, "entitled to litigate fully on the merits". Park & Tilford v. Schulte, 2 Cir., 160 F.2d 984, 989, note 1, certiorari denied, 1947, 322 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347; see: French v. Gapen, 1881, 105 U.S. 509, 525, 26 L.Ed. 951; Galbreath v. Metropolitan Trust Co., 10 Cir., 1943, 134 F.2d 569, 570; Rector v. United States, 8 Cir., 1927, 20 F.2d 845, 859.

▉▉ Of course this does not mean that Rules 24 and 13 purport to enlarge the jurisdiction of this court. See: United States v. Acord, 10 Cir., 209 F.2d 709, 712–714, certiorari denied, 1954, 347 U.S. 975, 74 S.Ct. 786; Blair v. Cleveland Twist Drill Co., 7 Cir., 1952, 197 F.2d 842; 2 Barron and Holtzoff, supra, § 593. Rule 82 expressly provides that: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts * * *." Fed.Rules Civ.Proc. rule 82, 28 U.S.C.A. Furthermore, as explained in Venner v. Great Northern Ry., 1908, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666: "The jurisdiction * * * is prescribed by laws enacted by Congress in pursuance of the Constitution, and this court by its rules has no power to increase or diminish the jurisdiction thus created, though it may regulate its exercise in any manner not inconsistent with the laws of the United States." 209 U.S. at page 35, 28 S.Ct. at page 331.

Rule 24 "amplifies and restates the present federal practice at law and in equity." See: Notes of Advisory Committee on Rules, 28 U.S.C.A. following rule 24; 2 Barron and Holtzoff, supra, § 591. The limitation of former Equity Rule 37—that "intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding" [see 28 U.S.C.A.App. p. 810 (1941)]— was not carried into Rule 24. Cf. State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421, 434–435; Leaver v. K. & L. Box & Lumber Co., D.C.N.D.Cal. 1925, 6 F.2d 666; King v. Barr, 9 Cir., 262 F. 56, certiorari denied, 1920, 253 U.S. 484, 40 S.Ct. 481, 64 L.Ed. 1025. Nor did Rule 13 carry over the limitation of former Equity Rule 30 that counterclaims, including those in the nature of cross-bills, should be available only to a defendant. See id. at 809.

▉ To be sure, the intervener still must take the main suit as he finds it, cf. Johnson v. Middleton, 7 Cir., 1949, 175 F.2d 535, 537, but only in the sense that he cannot change the issues framed between the original parties, and must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell. Cf. Leary v. United States, 1912, 224 U.S. 567, 576, 32 S.Ct. 599, 56 L.Ed. 889; see 4 Moore, supra, par. 24.16.

By amplifying Rule 24 to give the intervener equal standing as a party to the litigation and by broadening Rule 13 to accord the privilege of counterclaims and cross-claims to all parties, the incidence of intervention has been enlarged and the operative field of ancillary jurisdiction has been broadened. Which is not to say ancillary jurisdiction has been changed, but rather that the occasions for invoking that jurisdiction are more frequent and more varied under the

Rules than formerly. [See: 1 Barron and Holtzoff, supra, § 22; 2 id. §§ 591, 597; 4 Moore, supra, par. 24.17; 3 id. pars. 13.12–13.23, pars. 13.34–13.38, pars. 14.26–14.28.]

Ancillary jurisdiction has always been broad in concept. [See Note, 64 Harv.L. Rev. 968–976 (1951).] The term "ancillary" denotes any claim that reasonably may be said to be collateral to, dependent upon, or otherwise auxiliary to a claim asserted within federal jurisdiction in the action.

A compulsory counterclaim under Rule 13(a) must be a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *."

A cross-claim, which is permissive but never compulsory [4 Moore, supra, par. 13.34], must under Rule 13(g) be a claim "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."

Thus, by definition, compulsory counterclaims and permissive cross-claims are ancillary to the principal claim to which they are related. See: Waylander-Peterson Co. v. Great Northern Ry., 8 Cir., 1953, 201 F.2d 408, 415; 1 Barron and Holtzoff, supra, § 424; 3 Moore, supra, par. 13.36; 4 id. par. 24.18.

Permissive countercaims on the other hand are limited by Rule 13(b) to those "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." And by this exclusion all counterclaims which may properly be classed as dependent upon or related to a claim already in suit are compulsory.

■ A compulsory counterclaim being ancillary to another claim, jurisdiction of the former may be rested upon federal jurisdiction of the latter. See: Alexander v. Hillman, supra, 296 U.S. at pages 239–242, 56 S.Ct. 204; Moore, v.

N. Y. Cotton Exchange, supra, 270 U.S. at page 609, 46 S.Ct. 367; Fulton Nat. Bank v. Hosier, supra, 267 U.S. at page 280, 45 S.Ct. 261; Hoffman v. McClelland, supra, 264 U.S. at page 558, 44 S.Ct. 407; Wabash R. R. Co. v. Adelbert College, supra, 208 U.S. at page 54, 28 S.Ct. 182; 3 Moore, supra, pars. 13.15, 13.19.

■ Since federal jurisdiction of intervener's claims at bar must depend upon jurisdiction of the main suit, any which are not ancillary to the main cause must be dismissed. See: Mitchell v. Maurer, supra, 293 U.S. at page 243, 55 S.Ct. 162, 79 L.Ed. 338; Cincinnati I. & W. Ry. Co. v. Indianapolis etc. Ry., supra, 270 U.S. at page 117, 46 S.Ct. 221; Hamer v. N. Y. Rys. Co., supra, 244 U.S. at page 275, 37 S.Ct. 511; Leary v. United States, supra, 224 U.S. at page 576, 32 S.Ct. 599; White v. Ewing, supra, 159 U.S. at page 39, 15 S.Ct. 1018; Johnson v. Middleton, supra, 175 F.2d at page 537; cf. Salem Eng. Co. v. National Supply Co., D.C.W.D.Pa.1948, 75 F.Supp. 993, 997; see 67 Harv.L.Rev. 1265–1266 (1954).

■ There remains to inquire then which, if any, of the claims asserted in intervener's complaint may properly be deemed ancillary to the main cause. First to be considered are intervener's claims for infringement against plaintiff and Schrader and Sears. Having intervened as a co-plaintiff, intervener's claim against plaintiff is in the nature of an attempted cross-claim against a co-party. Fed.Rules Civ.Proc., rule 13(g), 28 U.S. C.A. But the attempted cross-claim is wholly independent of plaintiff's claim for infringement against the defendants in the main cause, and so is not a proper subject of cross-claim within the authorization of Rule 13(g). Cf. Chandler & Price Co. v. Brandtjen & Kluge, Inc., 1935, 296 U.S. 53, 57–58, 56 S.Ct. 6, 80 L.Ed. 39; Leman v. Krentler-Arnold etc. Co., 1932, 284 U.S. 448, 451, 52 S.Ct. 238, 76 L.Ed. 389; G. & C. Merriam Co. v. Saalfield, 1916, 241 U.S. 22, 36 S.Ct. 477,

60 L.Ed. 868; Barkeij v. Don Lee, Inc., D.C.S.D.Cal.1940, 34 F.Supp. 874.

Even less ancillary in nature are intervener's claims for infringement against Schrader and Sears. See: Dunn v. Clarke, 1834, 8 Pet. 1, 33 U.S. 1, 8 L.Ed. 845. These are but permissive counterclaims under Rule 13(b), necessitating that both Schrader and Sears be brought in as additional parties pursuant to Rule 13(h). Fed.Rules Civ.Proc. rule 13(g, h), 28 U.S.C.A.; cf. Switzer Bros. v. Locklin, 7 Cir., 1953, 207 F.2d 483, certiorari denied, 1954, 347 U.S. 912, 74 S.Ct. 477. The issues tendered by or arising out of the pleadings between the parties to the main action "may not by the intervener be so enlarged." See: Chandler & Price Co. v. Brandtjen & Kluge, Inc., supra, 296 U.S. at page 58, 56 S.Ct. 6, at page 8; cf. Smith v. Gale, supra, 144 U.S. at pages 518–519, 12 S.Ct. 674; Kendrick v. Kendrick, 5 Cir., 1926, 16 F.2d 744, 745–746, certiorari denied, 1927, 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877; Leaver v. K. & L. etc. Co., supra, 6 F.2d 666; Salem Eng. Co. v. Nat. Supply Co., supra, 75 F.Supp. at page 997; Reynolds Pen Co. v. Marshall Field & Co., D.C.N.D.Ill.1948, 8 F.R.D. 314.

Because each of intervener's claims for infringement against others than the defendants in the main suit "set up a wholly independent cause of action", Hamer v. New York Ry. Co., supra, 244 U.S. at page 275, 37 S.Ct. at page 515, they may not properly be said to be ancillary and thus the proper subject of "intervention of right". Cf. Otis Elevator Co. v. Standard Construction Co., D.C.D.Minn.1950, 10 F.R.D. 404. And not being ancillary, federal jurisdiction of them cannot be rested upon this court's jurisdiction of the main cause. See: Fulton Nat. Bank v. Hosier, supra, 267 U.S. at page 280, 45 S.Ct. 261; Wabash R. R. v. Adelbert College, supra, 208 U.S. at page 54, 28 S.Ct. 182; cf. Chandler & Price Co. v. Brandtjen & Kluge, Inc., supra, 296 U.S. 53, 56 S.Ct.

6, 80 L.Ed. 39; Leman v. Krentler-Arnold etc. Co., supra, 284 U.S. at page 451, 52 S.Ct. 238, 76 L.Ed. 389; Young Co. v. McNeal-Edwards Co., 1931, 283 U.S. 398, 51 S.Ct. 538, 75 L.Ed. 1140; Partridge v. Phoenix Mut. Life Ins. Co., 1872, 15 Wall. 573, 82 U.S. 573, 580, 21 L.Ed. 229.

■ Assuming, as intervener contends, that the claims for infringement against others than the defendants in the main suit are the proper subject of permissive joinder, Fed.Rules Civ.Proc. rule 20, 28 U.S.C.A. and permissive intervention, cf. Missouri-Kansas Pipe Line Co. v. United States, 1941, 312 U.S. 502, 506, 61 S.Ct. 666, 85 L.Ed. 975, and that adjudication of them would not "unduly delay or prejudice the adjudication of the rights of the original parties", Fed.Rules Civ.Proc. rule 24(b), 28 U.S. C.A., independent grounds of federal jurisdiction must nonetheless be found to exist. Hoffman v. McClelland, supra, 264 U.S. at page 558, 44 S.Ct. 407, 68 L.Ed. 845; State of Oklahoma v. Texas, supra, 258 U.S. at page 581, 42 S.Ct. 406; Loew's Drive-In Theatres v. Park-In Theatres, supra, 174 F.2d at pages 548–549; Glover v. McFaddin, supra, 99 F.Supp. at page 391; Etten v. Lovell Mfg. Co., D.C.W.D.Pa.1945, 4 F.R.D. 233, judgment vacated, 3 Cir., 1950, 184 F.2d 737.

True, as stated before, the claims for infringement against plaintiff and Schrader and Sears appear to arise under the Acts of Congress relating to patents, 28 U.S.C.A. § 1338(a); but it has long been held that where as here the claimant has chosen to "give the case a double aspect, so to speak, and make it a patent case conditioned on * * * securing equitable relief as to the [employment] contract", this court may not take jurisdiction under 28 U.S.C.A. § 1338(a). Luckett v. Delpark, supra, 270 U.S. at page 511, 46 S.Ct. 397, 402; cf. Geneva Furn. Mfg. Co. v. S. Karpen & Bros., 1915, 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295; Healy v. Sea Gull etc. Co., 1915, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056;

The Fair v. Kohler Die etc. Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Henry v. A. B. Dick Co., 1912, 224 U.S. 1, 14–16, 32 S.Ct. 364, 56 L.Ed. 645; White v. Rankin, 1892, 144 U.S. 628, 12 S.Ct. 768, 36 L.Ed. 569; Hartell v. Tilghman, supra, 99 U.S. at pages 556–560, 25 L.Ed. 357.

■ Last is the claim of title to the patent in suit—the claim that intervener holds full equitable ownership and that plaintiff holds the bare legal title "as constructive trustee for the benefit of intervener". Although not a claim of which this court could take original jurisdiction under 28 U.S.C.A. § 1338(a), Luckett v. Delpark, supra, 270 U.S. at page 511, 46 S.Ct. 397, 70 L.Ed. 703; Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 1947, 159 F.2d 590, 593–594; Laning v. National Ribbon etc. Mfg. Co., supra, 125 F.2d at page 566, this claim is properly to be considered and dealt with as ancillary to the main cause upon the above-stated grounds that entitle an asserted owner to intervene as of right in a patent infringement suit. Cf. A. L. Smith Iron Co. v. Dickson, supra, 141 F.2d at page 6; Dill Mfg. Co. v. Goff, supra, 125 F.2d at pages 677–678; see: Western Pacific California R. Co. v. Southern Pac. Co., 1931, 284 U.S. 47, 51, 52 S.Ct. 56, 76 L.Ed. 160; Cincinnati I. & W. R. R. v. Indianapolis etc. R., supra, 270 U.S. at pages 116–117, 46 S.Ct. 221; Independent Wireless Co. v. Radio Corp., supra, 269 U.S. at pages 466–469, 472–474, 45 S.Ct. 91; Raphael v. Trask, 1904, 194 U.S. 272, 278, 24 S.Ct. 647, 48 L.Ed. 973; Johnson v. Christian, supra, 1888, 125 U.S. 642, 8 S.Ct. 1135, 31 L.Ed. 820; Hartell v. Tilghman, supra, 99 U.S. at page 559 (dissenting opinion); Demulso Corp. v. Tretolite Co., 10 Cir., 1934, 74 F.2d 805; Empire Lighting Fixture Co. v. Practical etc. Fixture Co., 2 Cir., 1927, 20 F.2d 295, 296; Innis, Speiden & Co. v. Food Mach. Co., supra, 2 F.R.D. at page 265; Ostby & Barton Co. v. Jungersen, D.C.N.J.1941, 41 F.Supp. 552, 554, affirmed per curiam, 3 Cir., 1947, 163 F.2d 312, affirmed in part and reversed in part, 1949, 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235; Standard Oil Co. v. Southern Pac. Co., 9 Cir., 1893, 54 F. 521, 525.

For the reasons stated leave to file intervener's complaint was improvidently allowed, and the motions of defendants Schrader and Sears to dismiss the complaint are granted upon the ground that "the Court lacks jurisdiction of the subject matter" of the claims asserted by intervener against Schrader and Sears for alleged infringement of the patent in suit. Fed.Rules Civ.Proc. rules 13(b), 12(b) (1), 28 U.S.C.A.; Luckett v. Delpark, supra, 270 U.S. at page 511, 46 S.Ct. 397; Laning v. Nat. Ribbon etc. Mfg. Co., supra, 125 F.2d at page 566; cf. Mercoid Corp. v. Mid-Continent Inv. Co., 1944, 320 U.S. 661, 671, 64 S.Ct. 268, 88 L.Ed. 376; Douglas v. Wisconsin etc. Foundation, D.C.N.D.Ill.1948, 81 F.Supp. 167, 170.

For like reasons plaintiff's motion to dismiss intervener's cross-claim for alleged patent infringement upon the ground of lack of jurisdiction over the subject matter is also granted. Fed.Rules Civ.Proc. rule 13(g), 28 U.S.C.A.; cf. Switzer Brothers, Inc., v. Locklin, supra, 207 F.2d 483.

■ Defendants Schrader and Sears, as to the counter-claims asserted by intervener against them, and plaintiff as to the cross-claim for infringement, will lodge with the Clerk within ten days pursuant to local rule 7 judgments of dismissal for lack of jurisdiction over the subject matter. The judgments will provide that the dismissal shall not operate as an adjudication upon the merits. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A.; cf. United States v. California Co-op Canneries, 1929, 279 U.S. 553, 556, 49 S.Ct. 423, 73 L.Ed. 838; Switzer Bros. v. Locklin, supra, 207 F.2d 483.

These rulings leave standing intervener's claim of title to the patent in suit and the claim of infringement against the original defendants in the main cause. Fed.Rules Civ.Proc. rule

24(c), 28 U.S.C.A. These claims being ancillary to the main suit, this court's jurisdiction over the subject matter of them must, Luckett v. Delpark, supra, 270 U.S. at page 511, 46 S.Ct. 397, and does rest and depend upon jurisdiction of the main suit. Fulton Nat. Bank v. Hosier, supra, 267 U.S. at page 280, 45 S.Ct. 261; Hoffman v. McClelland, supra, 264 U.S. at page 558, 44 S.Ct. 407.

However, plaintiff and defendants Schrader and Sears have moved to dismiss the claim of title upon the further ground that intervener's complaint fails in any event to state a claim for which relief can be granted. Fed.Rules Civ. Proc. rule 12(b) (6), 28 U.S.C.A. Specifically, the ground urged is that the claim is barred because action to enforce it was not commenced either within the two-year period specified in § 339 of the California Code of Civil Procedure relating to obligations not founded upon an instrument in writing, or within the three-year period of § 338(4) relating to claims based upon fraud.

■ Although it has been decided that notwithstanding the provisions of Rule 8(c), Fed.Rules Civ.Proc. rule 8 (c), 28 U.S.C.A., the affirmative defense of bar of the statute may be raised by motion to dismiss pursuant to Rule 12(b) (6), see: Brictson v. Woodrough, 8 Cir., 1947, 164 F.2d 107, 110, certiorari denied, 1948, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772; Berry v. Chrysler Corp., 6 Cir., 1945, 150 F.2d 1002, 1003; Gossard v. Gossard, 10 Cir., 1945, 149 F.2d 111, 113; Abram v. San Joaquin Cotton Oil Co., D.C.S.D.Cal.1942, 46 F.Supp. 969, 974–975, in view of the nature of the defense the better practice is to raise the question by motion for summary judgment pursuant to Rule 56(b). See: Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 150 F.2d 997, 1000, certiorari denied, 1945, 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470; McMillen v. Douglas Aircraft Co., D.C.S.D.Cal.1950, 90 F.Supp. 670, 672; United West Coast Theatres Corp. v. South Side Theatres, Inc., D.C. S.D.Cal.1949, 86 F.Supp. 109.

From the face of intervener's complaint, see Gibbs v. Buck, 1939, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 111, it appears that the patent in suit was issued on February 21, 1950, and had previously been assigned by defendants Schrader and Sears to plaintiff by written assignment "recorded in the U. S. Patent Office on November 12, 1949 * * *." [See: 35 U.S.C. § 44 (1946); id. § 152 (1953).]

■ It is held that "issuance of a patent and recordation in the Patent Office constitutes notice to the world of its existence." Wine Railway Appliance Co. v. Enterprise Railway Equipment Co., 1936, 297 U.S. 387, 393, 56 S.Ct. 528, 529, 80 L.Ed. 736; see also: Sontag Chain Stores Co. v. National Nut Co., 1940, 310 U.S. 281, 295, 60 S.Ct. 961, 84 L.Ed. 1204; Sessions v. Romadka, 1892, 145 U.S. 29, 51, 12 S.Ct. 799, 36 L.Ed. 609; Boyden v. Burke, 1852, 14 How. 575, 55 U.S. 575, 584, 14 L.Ed. 548. By the same token, recordation of the assignment to plaintiff imparted like "notice to the world of its existence." Teall v. Schroder, 1895, 158 U.S. 172, 15 S.Ct. 768, 39 L.Ed. 938. Accordingly intervener is charged with presumptive knowledge on February 21, 1950, of both the fact of issuance of the letters patent and the fact of assignment to plaintiff. Yet intervener took no action to claim ownership of the patent in suit until the motion for leave to intervene was filed almost four years later, on January 15, 1954.

■ There are two essential elements of the defense of laches: delay and prejudice. Southern Pacific Co. v. Bogert, 1919, 250 U.S. 483, 489–490, 39 S.Ct. 533, 63 L.Ed. 1099; Phoenix Mut. Life Ins. Co. v. Birkelund, 1946, 29 Cal.2d 352, 175 P.2d 5. As said in Russell v. Todd, 1940, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754: "From the beginning, equity, in the absence of any statute of limita-

tions made applicable to equity suits, has provided its own rule of limitations through the doctrine of laches, the principle that equity will not aid a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant." 309 U.S. at page 287, 60 S.Ct. at page 531.

Federal courts of equity, while not bound by state statutes of limitations except in cases where original jurisdiction is based upon diversity of citizenship, Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, "will nevertheless, when consonant with equitable principles, adopt and apply * * * the local statutes of limitations applicable to the equitable causes of action in the judicial district in which the case is heard." Russell v. Todd, supra, 309 U.S. at pages 288–289, 60 S.Ct. at page 531.

California's statutes of limitations are held to apply to both legal and equitable actions, and "there can be no laches in delaying the bringing of an action if it is brought within the period of limitation * * * unless there are some * * * circumstances attending the delay which have operated to the injury" of the defense. Meigs v. Pinkham, 1910, 159 Cal. 104, 112 P. 883, 886; and see Neet v. Holmes, 1945, 25 Cal.2d 447, 154 P.2d 854, 861.

The California statute of limitations applicable here provides a three-year period from discovery of "the facts constituting the fraud * * *." Cal.Code Civ.Proc. § 338(4); cf. Cal.Civ.Code § 2224; Cal.Code Civ.Proc. § 343; Burns v. Ross, 1923, 190 Cal. 269, 212 P. 17; see Dabney v. Philleo, 1951, 38 Cal.2d 60, 237 P.2d 648; Neet v. Holmes, supra, 25 Cal.2d 447, 154 P.2d 854. Although intervener pleads neither the date of discovery nor the circumstances surrounding discovery of the alleged fraud, the facts of public record appear to have placed intervener on constructive notice well more than three years prior to action taken. Cf. Teall v. Schroder, supra, 158 U.S. at pages 178–179, 15 S.Ct. 768.

Since the claim of title, as now pleaded in intervener's complaint, would be barred by applicable state statutes of limitations if asserted in the courts of California, cf. Hobart v. Hobart Estate Co., 1945, 26 Cal.2d 412, 159 P.2d 958, 971–975, the claim should be held barred here. Guaranty Trust Co. v. York, supra, 326 U.S. at pages 107–112, 65 S.Ct. 1464; Russell v. Todd, supra, 309 U.S. at pages 287–289, 293–294, 60 S.Ct. 527.

The further motion of plaintiff to dismiss intervener's complaint as to the claim of title to the patent in suit on the merits, Fed.Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A., is therefore granted, with leave to intervener, if so advised, to serve and file within fifteen days an amended pleading not inconsistent with the views herein expressed.